MILLS, Judge.
The Board of Regents seeks review of an order of the Career Service Commission reinstating Heuer as an employee of the University of Florida with back pay.
The Board raises five questions:
1. Whether the Commission had jurisdiction of this case.
2. Whether the Commission had authority to hear the case.
3. Whether the Commission erred in receiving Dr. Hawk’s letter of 11 June 1975 into evidence.
*628 4. Whether the Commission had authority to order the Board to grant sick leave and accrued annual leave to Heuer.
5. Whether the Commission member Tafel was disqualified from hearing this case.
On 23 September 1974, Heuer was granted a special leave of absence through 13 October for the purpose of seeking employment in North Carolina, where her husband was to be transferred. Under the terms of the leave of absence, Heuer’s position was to be available provided she returned to work on 14 October. On 7 October, Heuer was injured in an automobile accident. On 10 October, Heuer notified her employer that she would not be able to return to work on 14 October and asked if it would be necessary for her to clock in before going on sick leave status. She was informed that it would be unnecessary and was advised that the documents necessary to procure her sick leave would be taken care of by the employer. However, on 29 October, Heuer received a letter from her employer informing her that she was ineligible for sick leave and advising her that she must either report back to work on 1 November or sign the general leave letter which was enclosed. It was indicated that failure to comply with either alternative would be considered as a voluntary resignation. Because the general leave did not guarantee her a position upon her return or protect any of her other benefits, Heuer was reluctant to sign the letter, but did so under protest and in an attempt to retain her status as an employee at the University. The general leave thus granted was made retroactive to 14 October and was to expire 2 January 1975.
On 28 October, Heuer brought to her immediate supervisor a letter from Dr. Clayton Hawk, indicating that she had been under his care since 8 October and that the date of her return was guarded. At that time, Heuer was asked to sign release forms giving Dr. Hawk permission to release her charts to the University physician. Heuer asked to take the forms home and discuss the matter with her husband. Later the same day, Heuer called to give her assent but neither of her supervisors were available. Nor, did either individual return her call. The matter was thereafter dropped and no formal written request was made for Heuer to submit to a physical examination at University expense.
On 18 December, Dr. Hawk informed respondent that she could return to work and released her from his care. Heuer immediately telephoned her supervisor and advised that she was available for work. She was told that she no longer had a job with that department since she had voluntarily resigned. It was suggested that she report to the central personnel office on 2 January 1975. Heuer called the central personnel office the next day and did so repeatedly thereafter, but was unable to secure other employment with the University. On 8 January 1975, Heuer initiated her appeal to the Career Service Commission, protesting her termination and the loss of employee benefits.
The Board contends that Heuer abandoned her job by failing to return to work. Abandonment is not an appeal-able action under Section 110.061, Florida Statutes.
Heuer contends that she was dismissed. A dismissal is an appealable action under Section 110.061, Florida Statutes.
Based on conflicting facts, the Commission found that Heuer was dismissed from her job. There was substantial competent evidence to support this finding. Therefore, the Commission had jurisdiction to hear Heuer’s appeal.
The Board contends that Sections 120.52 and 120.57, Florida Statutes, required that this case be heard by a hearing officer assigned by the Division of Administrative Hearings. This contention is without merit.
*629 Section 120.57(1) (a) (1), Florida Statutes, provides that a hearing officer assigned by the Division shall conduct all hearings except for hearings before agency heads. Section 120.57(1)(b)(3) and (4), Florida Statutes, excepts agency heads, who are acting in an adjudicatory capacity, from Division of Hearing Examiner requirements. Agency head is the collegial body in a department or other governmental unit statutorily responsible for final agency action. Section 120.52(3), Florida Statutes.
The hearing in this case was before the members of the Commission, the collegial body statutorily responsible for final action under Sections 110.041 and 110.061(2), Florida Statutes.
The Board urges that the Commission erred in receiving Dr. Hawk’s letter of 11 June 1975 in evidence, because he was not on the witness list, the letter was not under oath, and no explanation for his absence was offered before accepting the letter.
The Board read Dr. Hawk’s letter of 28 October 1974 into evidence. Thereafter, Heuer introduced the letter into evidence, and then offered the letter of 11 June 1975 into evidence. The 11 June letter was explanatory of the 28 October letter, and was received in evidence after explanation of Dr. Hawk’s absence by Heuer’s attorney.
Section 22A-10.06G, Personnel Rules and Regulations of the Career Service System, provides that written testimony of a witness may be submitted in the form of a sighed statement with an explanation as to why the witness could not appear in person. Not only did the Board open the door to introduction of the 11 June letter by reading the 28 October letter into evidence, but it was properly received in evidence under Section 22A-10.06G.
Although the Commission does not have authority to award sick leave or accrued annual leave, under the circumstances of this case, it was reasonable and fair for it to consider these matters in determining when back pay was due Heuer. The Commission did no more than require the Board to give Heuer that which was hers. The Board was required to do no more than pay Heuer sick leave and accrued annual leave which she had accumulated through her years of employment by the Board. She received no more than that to which she was entitled without regard to the issue of whether she should be reinstated to her job.
At the time of the hearing, Lee A. Tafel sat as a member of the Commission, and joined in its ultimate decision. The Board contends that Tafel was an officer of the Association of State, County and Municipal Employees, AFL-CIO, and that shortly after the Commission’s decision was rendered, handbills appeared on the campus, and an advertisement appeared in a newspaper circulated on the campus, in which the Career Service Employees Federation, also affiliated with the AFL-CIO, claimed credit for Heuer’s victory, and stated that it had financially supported her in this case. The Board was unaware of this involvement until after rendition of the decision. It attaches copies of the two articles to its petition, and contends that the Commission’s decision should be quashed because of a conflict of interest between Tafel and the union.
Heuer responds by attaching to her brief a later newspaper article in which Heuer denies the union statements, and the union states that its prior ad was misleading to imply that total financial support came from it. Heuer’s attorney also attaches an affidavit that he has not received any compensation from Heuer or anyone else and that he was employed by Heuer only.
None of the facts or articles relied upon by the Board or Heuer are a part of the record presented to us for review. The ethical and disqualification issues raised by the Board were not presented to the Commission for its consideration, *630 although this could have been done before the time had run for the filing of its petition for review. For these reasons, we cannot properly consider this issue.
The petition for review is denied.
BOYER, C. J., and McCORD, J„ concur.