356 So.2d 356 (1978)
E. Helen COOK, Petitioner,
v.
DIVISION OF PERSONNEL, DEPARTMENT OF ADMINISTRATION, Respondent.
No. GG-32.
District Court of Appeal of Florida, First District.
March 10, 1978.
Rehearing Denied April 11, 1978.
*357 Jerry G. Traynham, of Ben R. Patterson Law Offices, Tallahassee, for petitioner.
Mary E. Clark, Tallahassee, for respondent.
MILLS, Acting Chief Judge.
Petitioner seeks review of a final order determining that Florida Administrative Code Rule 22A-7.10B is a valid rule enacted by the Division of Personnel, and does not conflict with the provisions of Chapter 110, Florida Statutes (1975). The issue here is whether Rule 22A-7.10B is a valid exercise of delegated legislative authority.
The Rule provides that an employee within the Career Service who is absent without authorized leave of absence from work for three consecutive days shall be deemed to have abandoned the position and to have resigned. The Rule denies the employee the right to appeal to the Career Service Commission but gives the employee the right to petition the State Personnel Director for a review of the facts in the case and for a ruling as to whether the circumstances constitute an abandonment of the position.
The Petitioner, a Career Service employee of the Department of Transportation, was notified by the Department that because of certain facts she had abandoned her position with it and was no longer an employee of the Department. She was stricken from the rolls of employees and all actions were taken that would normally take place when an employee resigns or is terminated. As provided by the Rule, the State Personnel Director held a hearing and ruled that Petitioner had abandoned her position and was no longer an employee of the Department. Petitioner then initiated a Section 120.56, Florida Statutes (1975), hearing, seeking an administrative determination of Rule 22A-7.10B of the Division of Personnel, Department of Administration, which resulted in the order under review by us.
Petitioner argues that the Division's authority to promulgate rules is subject to the limitations provided by Sections 110.041(2)(a), 110.042(22) and 110.061(1), (2)(a), Florida Statutes (1975). These Sections require that any rule promulgated must: (1) insure that appeals arising under Chapter *358 110, or rules adopted thereunder, are heard by the Career Service Commission; (2) insure that a permanent Career Service employee may only be terminated for cause; and (3) provide that suspensions, reductions in pay, transfers, layoffs, demotions and dismissals are heard by the Career Service Commission. Petitioner contends that Rule 22A-7.10B makes a number of impermissible encroachments upon Chapter 110 by denying to employees, who have separated under certain circumstances, the right to appeal their termination to the Career Service Commission, by denying the employee the right to have "cause" for termination determined by the Career Service Commission, and by providing for the hearing of appeals by persons other than the Career Service Commission.
The Division has broad rulemaking powers in connection with personnel matters. In accordance with the mandates of Section 110.022, the Division established Rule 22A-7.10 describing personnel actions designated "separations". A resignation is one form of separation under this Rule. Resignations may be written or nonwritten as provided in Rule 22A-7.10B. Employees who resign in writing have no right to appeal to the Career Service Commission, nor do employees who abandon their position, or in effect, resign without the written explanation. Rule 22A-7.10B relates directly to the establishment and maintenance of uniform attendance and leave policies [110.022(1)(e)], relates to separations of employees in the Career Service [110.022(1)(g)], and relates to the maintenance of a current and sound program of uniform personnel administration [110.022(1)(i)]. Therefore, the subject matter of the challenged Rule falls within the scope of the Division's statutory rulemaking authority.
Section 110.061(2)(a) provides for the investigation and hearing of appeals by the Career Service Commission in six types of actions: suspensions, reductions in pay, transfers, layoffs, demotions, and dismissals. The Career Service Commission only has jurisdiction to hear appeals from the actions enumerated in the statute. Resignation, either by writing or by abandonment, does not appear in that Section. Therefore, Rule 22A-7.10B does not conflict with Section 110.061(2)(a) nor does it conflict with Section 110.041(2)(a) since the only appeals arising under Chapter 110 are the appeals enumerated in Section 110.061(2)(a).
While the term resignation is nowhere mentioned in Chapter 110, this form of personnel action is a common occurrence. While some employees go through the formal process of submitting a resignation in writing, others leave abruptly or simply fail to show up for work. There must be some point at which the Division may be able to say that the employee is not returning, process the paper work and refill the vacant position. Rule 22A-7.10B puts all Career Service employees on notice that absence without authorized leave for three consecutive days is tantamount to a formal resignation. The particular time period is less significant than the principle which provides for some term of absence being construed as a resignation. The hearing officer rightfully recognized that the implied presumption in the rule that abandonment constitutes a resignation is "sensible and inherently correct".
We deny the petition for review and affirm the order.
MELVIN, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
Section 110.022(1)(g), Florida Statutes (Supp. 1976), authorizes the Department of Administration to adopt rules providing for appeals of employees in Career Service. If we had before us only the applicability of Section 110.061(1), (2)(a), I would readily agree the Department may limit appeals to the Career Service Commission to actions specified in that subsection, i.e., suspension, reduction in pay, transfer, lay-off, demotion or dismissal, etc., since subsection (2)(a) makes no reference to an employee's abandonment of a position. Section 110.041(2)(a), however, mandates the Career *359 Service Commission to "[h]ear all appeals arising from this chapter or from the rules adopted by the department." (Emphasis supplied.) The above subsection is in the disjunctive, providing two separate, alternative bases for review. Rule 22A-7.10B (now 22A-7.10(2)(a)) was a rule adopted by the Department of Administration. I do not see any way we can avoid the plain language of Section 110.041(2)(a) providing only for a review to the Career Service Commission from a rule adopted by the Department of Administration. It is a general principle of statutory construction that the mention of one thing implies the exclusion of another.
In the absence of any statute permitting such review to the State Personnel Director, it is my opinion Rule 22A-7.10B is an invalid exercise of delegated legislative authority. Section 120.56, Florida Statutes (Supp. 1976).
I would grant the petition for review and reverse the order.