BOOTH, Judge.
This cause is before us on appeal from an administrative order reinstating appellant as a correctional officer at the Apala-chee Correctional Institute but denying costs and attorney fees. Appellant, a guard since 1979, was deemed to have abandoned his position following three days of unapproved absence. The relevant facts are that on June 15, 1986, he had his sister-in-law call him in sick due to a swollen foot which was later diagnosed as possible cellulitis. Appellant had only recently returned to duty following a 30-day suspension for absence without authorized leave, which ended on June 12, 1986. Appellant had also been previously reprimanded in February and March 1986 for abuse of sick leave and unauthorized absence and had been previously suspended in April 1986 for unauthorized absence. Although his sister-in-law initially informed the Department that he was ill and later informed the Department that he would be hospitalized for approximately one week, appellant did not personally contact the Department to tell it when he would return. His sister-in-law did call on his behalf on June 30, and told the Department he was authorized to return to work on July 10, 1986.
In the meantime, the Department had contacted the hospital and discovered appellant had been discharged on June 20. It later turned out that appellant had needed further hospitalization but had persuaded his doctor to discharge him because he believed his insurance would not pay for a longer stay. The Department retroactively authorized sick leave for the time appellant was hospitalized but denied sick leave for June 21, 22, and 25, the next three scheduled work days. In a letter dated the following day, the Department advised appellant that he was deemed to have abandoned his position in accordance with applicable administrative rules. This was four days before appellant’s sister-in-law contacted the Department to respond to its earlier request for a return date. In all fairness to appellant, the record reflects that he had no telephone in his home. When appellant received notice of his abandonment separation from the career service, he requested a hearing and ultimately proved that he was ill and had not abandoned his position.
At the time appellant’s cause of action accrued, Florida’s statutory scheme entrusted the Career Service Commission with jurisdiction to hear appeals in six types of actions against employees. These were (1) suspensions, (2) reductions in pay, (3) transfers, (4) layoffs, (5) demotions, and (6) dismissals. See § 110.305(3), Fla.Stat. (1985).[1] However, Section 110.217(6), (7), Florida Statutes (1985), gave the Department responsibility for making rules regarding, inter alia, separation from the career service. In Cook v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978), this court held that abandonment was a *980 form of resignation. Under Rule 22A-7.-010, Florida Administrative Code, resignation is defined as a form of separation.[2] As stated in Cook, resignation is not one of the six types of actions from which an appeal could be taken to the Career Service Commission. Rather, the Department provided in Rule 22A-7.010(b), Florida Administrative Code, for review of abandonment cases by the Department of Administration. Although Section 110.309(5), Florida Statutes (1985), authorized the Career Service Commission to award attorney fees and costs to permanent employees aggrieved by wrongful dismissal, the statutory authority underlying the Department’s abandonment appeal system did not similarly provide for fees and costs. Thus, we are compelled to agree with the Department that it did not have authority to make a fee and cost award in this case. Although one may perceive no significant reason for distinguishing between cases where an agency mistakenly believes that an employee has abandoned his position but is later proved wrong, and cases where an agency believes it has cause to take disciplinary action against an employee and is later proved wrong, the Legislature has not seen fit to amend the statute since Cook, supra, pointed out the difference in 1978. Unless and until it does, this court must continue to enforce current law.
Appellant also argued that the statutory and rule fees distinction between abandonment separation and the various forms of disciplinary separation violates the equal protection clauses of the Florida and federal constitutions. After careful consideration of this argument, we conclude that appellant has not carried his burden of proof that there is “no conceivable factual predicate which would rationally support the classification under attack.” See The Florida High School Activities Association, Inc. v. Thomas, 434 So.2d 306, 308 (Fla.1983).
Accordingly, the result below is affirmed.
WIGGINTON, J., concurs.
ZEHMER, J., dissents with written opinion.

. In July 1986, the Public Employees Relations Commission (PERC) assumed the Career Service Commission’s jurisdiction in this area. See Ch. 86-163, Laws of Fla., § 447.201, Fla.Stat. (1987), et seq. Although jurisdiction was transferred, the change did not otherwise alter the law applicable to this case.

. Section 110.217(6), (7), Florida Statutes, was the statutory authority for this rule.