ZEHMER, Judge
(dissenting).
I would reverse with directions to award costs and attorney fees. The findings of fact and conclusions of law in the hearing officer’s recommended order, adopted in full by the Department of Administration’s final order, lead me to conclude that, notwithstanding the Department of Correction’s characterization of petitioner’s absence from work as “abandonment” or implied resignation, the real issue in this case is whether petitioner was wrongfully discharged or terminated from employment by DOC under the circumstances shown in the record. The operative facts found by the hearing officer do not, in any manner, support the implication that petitioner ever undertook to abandon his position of employment, which has been characterized in Cook v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978), as a form of separation from employment designated as “resignation,” and thus not subject to review under the provisions in section 110.305. Therefore, I would treat this proceeding as a review of the department’s illegal attempt to cause the involuntary dismissal of petitioner in violation of the law, and thus permit his recovery of costs and attorney fees under the provisions of section 110.-309. I have serious doubts that the Cook decision should be relied on in view of the significant amendments to this chapter of Florida Statutes since it was decided, but that decision should be strictly limited to its facts and narrowly applied. I agree with the majority that there is “no significant reason for distinguishing between cases where an agency mistakenly believes that an employee has abandoned his position but is later proved wrong, and cases where an agency believes it has cause to take disciplinary action against an employee and is later proved wrong,” and for this reason would not follow Cook in this case. In any event, this confused and illogical situation *981 is clearly in need of clarification by the legislature.