PER CURIAM.
Mrs. DeSilva appeals an order of the Department of Administration. The order upheld the hearing officer’s recommended order that Mrs. DeSilva abandoned her position. We reverse.
Mrs. DeSilva requested a leave of absence from her position at the Department of Transportation for a non-work related back injury. The request form contained a tentative return-to-work date of November 23, 1988. Her supervisor granted the absence.
On November 22, 1988, Mrs. DeSilva’s physician notified Mrs. DeSilva’s supervisor that Mrs. DeSilva would be unable to return to work. Although disputed, the supervisor testified that she asked the doctor to provide a letter on that matter.
Two weeks passed and no one contacted the supervisor. As a result, the district director of the department sent Mrs. DeSil-va a letter on December 2, 1988, terminating her because she abandoned her position by failing to notify her supervision of any inability to work. Mrs. DeSilva appealed the termination. The Department of Administration deemed her absence, without written authorization, as an abandonment of her position.
Before discussing the merits, this court wishes to acknowledge the holding in Tomlinson v. Department of Health and Rehabilitative Services, 558 So.2d 62 (Fla. 2d DCA 1990), that the Department of Administration does not have authority to consider dismissal orders, such as the one here. Despite the foregoing authority, neither party in their briefs raised whether the order in question was appealable. As a result, this court declines to address any jurisdictional problem.
*217 On appeal, Mrs. DeSilva argues that she presented sufficient evidence to rebut the presumption that she abandoned her position by being absent without authorization after November 23, 1988. Reviewing her doctor’s testimony, we conclude that there was evidence rebutting the abandonment presumption. The physician called her supervisor to let her know that Mrs. DeSilva was not ready to return to work. He claims that the supervisor stated she would send him the necessary forms to explain Mrs. DeSilva’s further absence. More important, Mrs. DeSilva relied on those representations. She, therefore, provided a reasonable basis for failing to seek an extension. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
Accordingly, we reverse the order of the Department of Administration and remand with instructions that Mrs. DeSilva be reinstated with back-pay.
REVERSED and REMANDED.
LETTS, DELL and STONE, JJ., concur.