618 So.2d 749 (1993)
Sonia E. JENKINS, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 90-1710.
District Court of Appeal of Florida, First District.
April 27, 1993.
Sonia E. Jenkins, pro se.
James A. Sawyer, Jr., Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellee.
Jerry G. Traynham of Patterson and Traynham, Tallahassee, for amicus Florida Public Employees Council 79, American Federation of State, County and Mun. Employees.
Jerry Cheatham, Deputy General Counsel, Public Employees Relations, Com'n, for amicus Public Employees Relations Com'n.
*750 EN BANC

ON MOTION FOR REHEARING
JOANOS, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) has filed a motion for rehearing, asserting as grounds therefor that the Department of Administration (DOA) has jurisdiction to hear administrative appeals on abandonment. In support of its position, HRS urges that the authority of DOA to determine a state employee's separation from career service under abandonment was upheld by the Florida Supreme Court in Hadley v. Department of Administration, 411 So.2d 184 (Fla. 1982), and by this court in Cook v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978).
On our own motion we determined to consider this matter en banc. We requested additional briefing from the parties and accepted amicus curiae briefs from the Public Employees Relations Commission (PERC) and the American Federation of State, County and Municipal Employees (AFSCME). DOA declined our invitation to file a brief. We vacate our previous opinion and substitute this opinion in its place. On that basis we deny HRS's motion for rehearing. We certify the question presented by this appeal to the Florida Supreme Court, as a question of great public importance. See Art. V, § 3(b)(4), Fla. Const. (1980); Fla.R.App.P. 9.030(a)(2)(A)(v).
Appellant seeks review of an order of DOA determining that appellant abandoned her career service position with HRS. We reverse.
On August 21, 1989, appellant was notified by certified mail that she had been separated from state service for abandonment of her position, based on her failure to report to work on August 16, 17, and 18, 1989, without notification to her supervisor that she would be absent. Appellant's letter dated August 24, 1989, sought review of the agency decision. The letter states, among other things, that on Monday, August 14, 1989, appellant advised her supervisor of her father's death, and that she did not know when she would be back in the office. The letter indicates that the supervisor was cognizant that appellant's father had been murdered, he indicated acquiescence in her need to be away from work, and he told her to let him know if she needed anything.
The hearing officer found that appellant appeared in the office on Monday morning, August 14, 1989, visibly shaken, and informed her supervisor that her father had been murdered during the weekend. The recommended order indicates that appellant's supervisor responded that he had seen a report of the murder and offered his assistance, if needed. The order states that appellant did not request leave, but simply departed from the office. When appellant failed to return to work on Wednesday, the supervisor sent a messenger to her home to request that appellant call the office. Since appellant was not at home, a note was left on her door. The hearing officer determined that other staff persons also attempted to reach appellant, and that the supervisor approved the normal two days administrative leave due to death, but did not approve the following three days of leave. When appellant returned to the office on Tuesday morning, August 22, 1989, she received a copy of the letter dated August 21, 1989, informing her that she had been separated from state service.
As conclusions of law, the hearing officer found that HRS proved the predicate fact that appellant was absent from work from August 16-18 without authorization, and proved the ultimate fact that appellant abandoned her job during this period of time. The recommended order states that appellant presented no testimony that it was not her intention to abandon her job, and "offered no specific explanation for her failure to contact her supervisor other than the tragic loss of her father. Specifically, she did not testify that her emotional condition prevented her from dealing with such matters by telephone during this three-day period." Finding that appellant failed to rebut the predicate and ultimate facts established by HRS, the hearing officer recommended *751 entry of a final order finding that appellant abandoned her career service employment with the state. DOA's final order adopts the hearing officer's findings of fact and conclusions of law, sustaining the HRS action.
Appellant's dismissal was effected pursuant to Florida Administrative Code Rule 22A-7.010, dealing with separations from career service. Subsection (2) Abandonment of Position, provides in part:
(a) An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the career service. An employee who has career service status and separates under such circumstances shall not have the right of appeal to the Public Employees Relations Commission; however, any such employee shall have the right to petition the department for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
Subparagraph (2)(b) deals with the manner of notice, and concludes with the statement: "The decision of the department on such a petition shall be final and binding on both the employee and the employing agency."
The question is whether DOA has authority to promulgate such a sweeping presumption and to divest PERC of jurisdiction which PERC is granted by statute. Absent specific statutory authority, an agency is not authorized to adopt and apply a rule creating a conclusive evidentiary presumption. See McDonald v. Department of Professional Regulation, Board of Pilot Commissioners, 582 So.2d 660, 664 (Fla. 1st DCA 1991); Tomlinson v. State, Department of Health and Rehabilitative Services, 558 So.2d 62 (Fla. 2d DCA 1990).
The abandonment/dismissal conundrum has been before this court and the other courts of Florida numerous times. In Board of Regents v. Heuer, 332 So.2d 626 (Fla. 1st DCA 1976), Heuer, a University of Florida employee contested the University's determination that she had abandoned her position. The matter was originally heard by the Career Service Commission (CSC) which ordered Heuer reinstated. The Board of Regents appealed that order to this court. The Board argued, among other things, that the CSC lacked jurisdiction. This court rejected that argument holding that the CSC had jurisdiction to decide if a separation from employment was a dismissal or an abandonment, subject only to the requirement that the order finding the action to be a dismissal had to be supported by competent substantial evidence. The abandonment rule, although in effect at the time, was not discussed in the opinion.
In Cook v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978) this court addressed the question of whether DOA had the authority to promulgate the abandonment rule. The majority in Cook found that rule-making authority for promulgation of the abandonment rule resided in sections 110.022(1)(e), (g), and (i), Florida Statutes, (1975),[1] which designated the powers and duties of DOA in personnel matters. Specifically, the majority in Cook reasoned that the abandonment rule pertained to personnel actions designated "separations," a resignation is a form of *752 separation, and abandonment of employment is a form of resignation without a written explanation, which forecloses a right of appeal to the CSC. The majority further found that the jurisdiction of the CSC extended only to those types of actions enumerated in section 110.061(2)(a), Fla. Stat. (1975): suspensions, reduction in pay, transfers, layoffs, demotions, and dismissals. Since resignation by writing or by abandonment did not appear in the enumeration of actions appealable to the CSC, Cook approved the hearing officer's "implied presumption in the rule that abandonment constitutes a resignation." 356 So.2d at 358. The Cook opinion did not discuss our earlier decision in Heuer.
In Hadley, the supreme court was addressing a very narrow question. In Hadley, the supreme court rejected a procedural due process challenge to the abandonment rule. 411 So.2d at 186. The question of statutory authority to promulgate the rule and the question of DOA's jurisdictional authority to review involuntary terminations from employment was neither raised nor addressed in Hadley.
Tomlinson involved a career service employee with twenty-eight years of service, whose testimony established that he intended to remain with the state until he retired with thirty years service. He failed to contact his supervisor during a one-week illness, and like appellant in this case, was deemed to have "abandoned" his job pursuant to the constructive abandonment rule, 22A-7.010(2)(a). HRS argued that since it presented evidence that he was absent without authorization for three consecutive days, the hearing officer was required to find abandonment. The second district disagreed, observing that in light of PERC's jurisdiction, "all the employee is required to prove is that he had a reasonable basis for his failure to seek authorization for the absence." The court then held,
[o]nce Mr. Tomlinson proved to the hearing officer that he did not abandon his job, DOA was obligated to reject HRS's determination of separation by voluntary abandonment. DOA had no authority to consider a dismissal or some lesser punishment; only PERC had that authority.
558 So.2d at 67. The court reversed DOA's order, and remanded with instructions that Mr. Tomlinson be reinstated with back pay. In Tomlinson the second district specifically recognized that the abandonment regulation was upheld against a procedural due process challenge in Hadley, and that this court in Cook generally approved the DOA's authority to create the regulation. 558 So.2d at 66. However, the Tomlinson panel was unwilling to adopt the Cook definition of "separation," insofar as it treated an involuntary discharge as a resignation. Rather, the second district concluded that an involuntary termination equated to a "termination for cause which would invoke PERC's exclusive jurisdiction over dismissals." 558 So.2d at 65. The court further noted that the jurisdictional issue is significant, because PERC has authority to invoke less severe penalties than dismissal, see § 447.208(3)(c), Fla. Stat. (1989), while the DOA may simply approve or reject the determination of abandonment. See, generally, DeSilva v. Department of Transportation, 564 So.2d 216 (Fla. 4th DCA 1990). The issue of abandonment was discussed in some depth in Tomlinson. As the second district court observed, the underlying statutes do not discuss abandonment or a presumption of separation. 558 So.2d at 66. For example, section 110.227(1) and (2), Florida Statutes (1989), provide:
(1) Any employee who has permanent status in the career service may only be suspended or dismissed for cause. Cause shall include, but not be limited to, negligence, inefficiency or inability to perform assigned duties, insubordination, willful violation of the provisions of law or agency rules, conduct unbecoming a public employee, misconduct, habitual drug abuse, or conviction of any crime involving moral turpitude. Each agency head shall ensure that all employees of the agency are completely familiar with the agency's established procedures on disciplinary actions and grievances.
(2) The department shall establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion, *753 and dismissal of employees in the career service. Such rules shall be approved by the Administration Commission prior to their adoption by the department.
Further, section 110.217(6), Fla. Stat. (1989), provides: "The [D]epartment [of Administration] shall have the responsibility for the adoption of rules regarding demotion, reassignment, separation, promotion, original appointments, and status." "Separation" is not defined in the statute, but generally is deemed to include voluntary termination and discharge. See International Association of Machinists v. State, ex rel. Watson, 153 Fla. 672, 680-81, 15 So.2d 485, 490 (1943); Tomlinson, 558 So.2d at 65.
Pursuant to section 447.207(8), Fla. Stat. (1989), PERC has exclusive jurisdiction to "hear appeals arising out of any suspension, reduction in pay, transfer, layoff, demotion, or dismissal of any permanent employee in the State Career Service System." This provision was added by 1986 amendment, effective July 1, 1986. Ch. 86-163, § 83, Laws of Fla. While a true abandonment of a state job is tantamount to a voluntary resignation, a constructive abandonment that is "neither intended nor reasonably to be expected by the employee, has the indicia of a termination for cause which would invoke PERC's exclusive jurisdiction over dismissals." Tomlinson, 558 So.2d at 65.
As noted, HRS relies on Cook and Hadley. We note that both cases predate the governmental reorganization act, which, among other things, transferred the "statutory powers, duties and functions, records, and property of the Career Service Commission... to the Public Employees Relations Commission within the Department of Labor and Employment Security." See Ch. 86-163, § 72, Laws of Florida.
HRS's reliance upon Hadley is misplaced. As noted, the only issue there was a due process challenge.
We recognize that in Cook, this court generally approved the authority of DOA to promulgate the abandonment rule, however, that determination was premised on the theory that an involuntary separation was tantamount to a formal resignation. We question the treatment of an involuntary separation from career service employment as a formal resignation, rather than as a dismissal. Such construction effectively circumvents the statutory provision that an employee having "permanent status in the career service may only be suspended or dismissed for cause." Section 110.227(1), Fla. Stat. (1989). This construction also circumvents the statutory provisions that the exclusive jurisdiction for administrative review of a dismissal of a permanent career service employee shall be by appeal to PERC. See § 447.207(8) and (10), Fla. Stat. (1989).
Our examination of the applicable statutes leads us to conclude that there is no express statutory authority for involuntarily separating an employee from career service under the guise of abandonment, which is, in effect, a constructive termination or dismissal. Moreover, the definitional gloss and liberal construction required to treat an involuntary separation from employment as a formal resignation, not subject to a "good cause" review by PERC, is contrary to the basic rule of construction that words must be accorded their plain and ordinary meaning. See Public Health Trust of Dade City v. Lopez, 531 So.2d 946, 949 (Fla. 1988); Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Carson v. Miller, 370 So.2d 10, 11 (Fla. 1979). In this case appellant contested the fact that her absence was an abandonment. She claimed HRS dismissed her. As such she was entitled to a hearing before PERC.[2]
Consequently, we are in accord with the reasoning of the second district in Tomlinson, that an involuntary termination from career service is equivalent to a dismissal, which invokes the exclusive administrative appeal jurisdiction of PERC. Section *754 447.207(8), Fla. Stat. (1989). In making this determination, we recede from Cook, insofar as it conflicts with our decision in Heuer, this case, and the rationale expressed in Tomlinson. Accordingly, we vacate the order on appeal. Appellant is entitled to a hearing before PERC.[3]
However, because we recognize that earlier decisions touching upon the abandonment rule generally approved the authority of DOA to promulgate such regulation, we certify the following question to the Florida Supreme Court as a question of great public importance:
IN VIEW OF THE PROVISIONS OF SECTION 447.207(8) AND (10), FLORIDA STATUTES, DESIGNATING THE PUBLIC EMPLOYEES RELATIONS COMMISSION AS THE ENTITY CHARGED WITH EXCLUSIVE ADMINISTRATIVE REVIEW OF DISMISSALS OF ANY PERMANENT EMPLOYEES IN THE STATE CAREER SERVICE SYSTEM, IS THE DEPARTMENT OF ADMINISTRATION AUTHORIZED TO PROMULGATE A RULE OF ABANDONMENT, AND TO RETAIN JURISDICTION OF ADMINISTRATIVE REVIEWS OF ACTIONS ARISING OUT OF ABANDONMENT, THEREBY DENYING A CAREER SERVICE EMPLOYEE HIS OR HER RIGHT TO HAVE THE ABANDONMENT/CONSTRUCTIVE DISMISSAL SUBJECTED TO A "GOOD CAUSE" REVIEW BY THE PUBLIC EMPLOYEES RELATIONS COMMISSION?
Accordingly, the motion for rehearing is denied.
ERVIN, BOOTH, SMITH, ZEHMER, BARFIELD, MINER, ALLEN, WOLF, KAHN, WEBSTER and MICKLE, JJ., concur.
NOTES
[1] §§ 110.022(1)(e), (g), and (i), Fla. Stat. (1975), provided in pertinent part that the Department of Administration,

through the Division of Personnel, shall have the following powers and duties in connection with personnel matters:
(1) To adopt and amend rules and regulations necessary to implement the purposes of Chapter 110, which rules and regulations shall provide for:
.....
(e) The establishment and maintenance of uniform attendance and leave policies which shall be applicable to all employees in the career service;
.....
(g) The promotion, demotion, reassignment, separation, reinstatement, employee performance evaluations, status, grievances, and appeals of employees in the career service;
.....
(i) Such other programs as are found to be necessary in the establishment and maintenance of a current and sound program of uniform personnel administration. .. .
[2] Since DOA did not have jurisdiction to consider this matter, any findings by the hearing officer are a nullity.
[3] By this opinion, we do not mean to suggest any particular outcome of the hearing before PERC.