PER CURIAM.
William Thomas appeals two orders denying his motions for post conviction relief.
On May 12,1992, the circuit court accepted Appellant’s pleas of nolo contendere to several offenses in four separate cases and sentenced him to various terms of imprisonment. On July 28, 1992, Appellant filed a rule 3.850 motion alleging that his defense attorney was ineffective in failing to file a timely notice of appeal after the defense attorney had agreed to do so at the time of sentencing. The motion further alleges that “[t]his allegation can be substantiated by the sentencing transcript.” On March 17, 1993, and before the trial court had ruled on the first motion, Appellant filed his second rule 3.850 motion in the same cases alleging that his convic *1094 tions were either obtained by pleas unlawfully induced by the defense attorney’s statement that he would be eligible for control release or were involuntarily made without understanding the nature of the charges and the consequences of the pleas. The circuit court denied the July 1992 motion on the ground that a review of the sentencing transcript failed to reveal that Appellant requested at the sentencing hearing that his attorney file an appeal. One week later, the circuit court denied the March 1993 motion on the ground that it was not cognizable because the motion faded to state whether Appellant had filed any previous motions for post conviction relief and why the claims raised in the March 1998 motion were not raised in the first motion.
We affirm the order denying the first motion filed in July 1992. Although that motion alleged that the hearing transcript would reveal that Appellant requested his attorney to file a notice of appeal, the sentencing transcript does not indicate that such a request was made. The transcript does indicate, however, that Appellant did not reserve any issue for review on appeal. Moreover, the motion fails to allege what issues Appellant would have raised on appeal, whether and how those issues would have been dispositive, or how Appellant was otherwise prejudiced by his counsel’s failure to file a notice of appeal. Accordingly, we affirm the order denying the first 3.850 motion, but do so with leave to amend if Appellant so desires.
The order denying the second motion for post conviction relief is affirmed as clearly correct without further comment.
AFFIRMED.
ZEHMER, C.J., KAHN, J., and SHIVERS, Senior Judge, concur.