ALLEN, Judge,
dissenting.
I would reverse the appealed order and remand for further proceedings because PERC erred in applying the evidentiary presumption in Florida Administrative Code Rule 22A-7.010(2)(a).* The majority’s factual recitation is taken from the hearing officer’s initial recommended order, which PERC found to be based on an inappropriate legal theory. The matter was thus remanded to the hearing officer by an order in which PERC cited and quoted rule 22A-7.010(2)(a). This rule provides that:
An employee who was absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service.
[[Image here]]
The hearing officer thereafter entered a supplemental order addressing this rule, which was described as creating a rebuttable presumption. PERC then entered the final order which is now on appeal, accepting the hearing officer’s determination that the appellant had voluntarily abandoned her position.
I cannot agree with the majority’s assertion that these procedural twists lack significance. Indeed, on appeal the appellee attempts to justify PERC’s ruling by arguing that PERC properly relied on rule 22A-7.010(2)(a). But as indicated in McDonald v. Department of Professional Regulation, 582 So.2d 660 (Fla. 1st DCA 1991), state agencies have no implied or inherent power to adopt or apply such an evidentiary presumption in the absence of specific constitutional or statutory authority. The courts of this state have been unable to find any authority for the adoption of rule 22A-7.010(2)(a). See Jenkins v. Department of Health and Rehabilitative Services, 618 So.2d 749 (Fla. 1st DCA), rev. dismissed, 623 So.2d 493 (Fla.1993); *805 Tomlinson v. Department of Health and Rehabilitative Services, 558 So.2d 62 (Fla. 2d DCA 1990). I am likewise unable to find any such authority for PERC’s application of the rule in this ease.

The rule has now been transferred to 60K-4.010(2)(a).