ALLEN, Judge.
The appellant challenges an order of the Public Employees Relations Commission (PERC) which determined that the appellant had abandoned her position with the appellee Department of Labor and Employment Security. We reject the appellant’s assertions that the evidence establishes as a matter of law that no abandonment took place and that the hearing officer erred in rejecting testimony from the appellant’s supervisor. But we find merit in the appellant’s contention that the hearing officer and PERC erred in relying upon the evidentiary presumption of abandonment found in Florida Administrative Code Rule 22A-7.010(2)(a),* which provides in- pertinent part:
An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned her position and to have resigned from the Career Service.
A state executive branch agency lacks implied or inherent power to fashion, adopt, or apply a legal presumption for application in an administrative proceeding in the absence of specific authority in a statute or the constitution. McDonald v. Department of Professional Regulation, 582 So.2d 660 (Fla. 1st DCA 1991). The courts of this state have found no specific statutory or constitutional authority for the presumption involved here, see Jenkins v. Department of Health and Rehabilitative Services, 618 So.2d 749 (Fla. 1st DCA), rev. dismissed, 623 So.2d 493 (Fla.1993); Tomlinson v. Department of Health & Rehabilitative Services, 558 So.2d 62 (Fla. 2d DCA 1990), and none has been provided by the parties to this appeal. Because the impermissible presumption played a material role in leading the hearing officer and PERC to conclude that the appellant had abandoned her position, we set aside the order and remand for further proceedings.
BARFIELD, J., and SHIVERS, Senior Judge, concur.

 Rule 22A-7.010(2)(a) was subsequently transferred to 60K-4.010(2)(a), Florida Administrative Code, and has since been amended to omit the evidentiary presumption.