KAHN, C.J.,
dissenting.
I would grant Appellant Childers’ motion on several grounds. Most importantly, I believe the supreme court should address the question of the en banc jurisdiction of the district courts of appeal. Both the Florida Constitution and the applicable statute direct the district courts of appeal to consider cases by three-judge panels. See Art. V, § 4(a), Fla. Const.; § 35.13, Fla. Stat. (2004). As expressed briefly in my dissenting opinion, and in much more detail in Judge Ervin’s separate opinion, we should ask the supreme court to consider the constitutionality of the en banc procedure and, if appropriate, to establish a firm standard for the jurisdictional boundaries of en banc consideration. I also find other points raised in the motion meritorious.
As presently utilized by this court, en banc consideration almost always involves a motion by a member of the court, as opposed to a motion for rehearing filed by one of the parties pursuant to Florida Rule of Appellate Procedure 9.331(d). .With all due respect, the various opinions in this case supporting en banc consideration establish that this court’s exercise of its en banc jurisdiction relies solely upon the ability of the moving judge to obtain votes from a majority of judges. This procedure raises, in my mind, a serious due process concern.
*634 The first aspect of the problem, and one that I raise without any sort of accusatory tone, involves the movant judge essentially becoming an advocate on behalf of the question or argument presented in the en banc motion. The second aspect concerns the constitutional dimensions of a court addressing issues not raised, or even briefed, by the parties, and as to which the parties may have no notice whatsoever. This second concern arises due to the fact that motions for en banc consideration are not subject to public disclosure and, by long-standing procedure, circulate only among the judges of this court. Although we, by tradition, notify parties that the case has transitioned into an en banc posture, we do not notify the parties of the question under review, nor do we generally afford the parties an opportunity to be heard on these issues. Deciding cases in such a manner could raise a fundamental due process issue. See, e.g., N.C. v. Anderson, 882 So.2d 990, 993 (Fla.2004) (“Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.”). This court should certify to the Florida Supreme Court questions concerning the legality of the hearing en banc procedure, both under the due process clause and Florida’s constitutional provision requiring three-judge panels in each case.
So I can be clear, I am not suggesting that our procedure here has been “irregular.” In fact, I agree completely with the per curiam opinion on the motion for certification that we regularly take cases en banc before a panel decision issues. The present case suggests, however, that such a procedure is fragile and would benefit from rules known in advance. The cases cited by the per curiam opinion show that we have previously adhered to an understanding that en banc matters would resolve important, and broadly applicable, questions of law, or harmonize the law in this district. See Pullo v. Pullo, 926 So.2d 448, 449 n. 1 (Fla. 1st DCA 2006) (invoking en banc process to resolve direct conflict between two panel opinions of court); Checkers Rest. v. Wiethoff, 925 So.2d 348, 350 (Fla. 1st DCA 2006) (invoking en banc process to clarify waiver provision of section 440.20(4), Florida Statutes, in light of several recent opinions that “blurred the distinction between compensability and entitlement to benefits”); Bay Point Club, Inc. v. Bay County, 890 So.2d 256, 257 (Fla. 1st DCA 2004) (invoking en banc procedure “to maintain uniformity of this court’s decisions”); Sanders v. State, 847 So.2d 504, 505 (Fla. 1st DCA 2003) (invoking en banc procedure “to recede from a line of authority holding that such a claim is a colorable claim”); Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071 (Fla. 1st DCA 2003) (invoking en banc procedure to clarify both ease law and statutory law regarding JCC’s consideration of expert medical testimony); Jupiter v. State, 833 So.2d 169, 171 (Fla. 1st DCA 2002) (invoking en banc procedure to recede from decision that “failed to recognize the effect of the clear language of the applicable rule of criminal procedure”); Fisher v. Int’l Longshoremen’s Ass’n, 827 So.2d 1096, 1098 (Fla. 1st DCA 2002) (invoking en banc procedure to recede from prior decision that was an “anomaly in this district”); Brooks v. State, 816 So.2d 199 (Fla. 1st DCA 2002) (invoking en banc procedure invoked to determine whether attorney rendered ineffective assistance of counsel for not filing appeal even though defendant failed to request one); Orange County Fire Rescue v. Antonelli, 794 So.2d 758, 759 (Fla. 1st DCA 2001) (“[O]ur affirmance on the first issue requires us to recede en banc from prior decisions of this court.”); Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001) (“We have decided to hear this case en banc to resolve a conflict in *635 our opinions regarding the applicable standard of review.”); Morris v. State, 789 So.2d 1032 (Fla. 1st DCA 2001) (exercising en banc jurisdiction to consider whether defendant’s verbal act of telling child that he desired to engage her in oral sex was lewd or lascivious act); Wilcox v. State, 783 So.2d 1150, 1150 (Fla. 1st DCA 2001) (invoking en banc procedure to “recede from Lee [v. State, 766 So.2d 374 (Fla. 1st DCA 2000)]”); Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (invoking en banc process to explain new major contributing cause standard for workers’ compensation); Sailor v. State, 733 So.2d 1057 (Fla. 1st DCA 1999) (invoking en banc procedure to determine whether trial court may constitutionally change venue over criminal defendant’s objection); Trowell v. State, 706 So.2d 332, 333 (Fla. 1st DCA 1998) (invoking en banc procedure because, “[this] court’s decision in Thomas [v. State, 626 So.2d 1093 (Fla. 1st DCA 1993),] is inconsistent with a substantial body of case law from this court and other district courts of appeal”), approved by 739 So.2d 77 (Fla.1999); Hadden v. State, 670 So.2d 77 (Fla. 1st DCA 1996) (invoking en banc procedure to determine if expert testimony regarding whether child’s symptoms are consistent with those of child who has been sexually abused is subject to Frye standard), approved in part, quashed in part by 690 So.2d 573 (Fla.1997); Champlovier v. City of Miami, 667 So.2d 315, 316 (Fla. 1st DCA 1995) (invoking en banc procedure to clarify that “[t]he policy in Florida which strongly favors finality of judgments is applicable whether a judgment is reached through contest or consent”); E. Airlines v. Griffin, 654 So.2d 1194, 1196 (Fla. 1st DCA 1995) (invoking en banc procedure to “recede from our decision in Fawaz [v. Florida Polymers, 622 So.2d 492 (Fla. 1st DCA 1993),] to the extent it limits the discretion of the judge of compensation claims in granting relief from stipulations beyond that contemplated by Rule 4.130”); Publix Supermarkets v. Finocchi, 650 So.2d 1122 (Fla. 1st DCA 1995) (invoking en banc procedure to consider proper application of special errand doctrine); Publix Super Markets, Inc. v. McGuire, 650 So.2d 151 (Fla. 1st DCA 1995) (invoking en banc procedure on remand from McGuire v. Publix Super Markets, Inc., 640 So.2d 1079 (Fla.1994), quashing 629 So.2d 862 (Fla. 1st DCA 1993), to analyze the application of shifting burdens of proof in workers’ compensation “heart attack” rule); Vegas v. Globe Sec., 627 So.2d 76 (Fla. 1st DCA 1993) (invoking en banc procedure to consider whether calculation of average weekly wages was altered by new wording in workers’ compensation statute); Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 869 (Fla. 1st DCA 1993) (“We have considered this case en banc in order to more clearly define the role of the JCC as the arbiter of disputed factual matters in workers’ compensation cases.”); Saffor v. State, 625 So.2d 31 (Fla. 1st DCA 1993) (invoking en banc procedure to analyze rule for admission of collateral crime evidence in case charging sexual abuse in familial context), quashed by 660 So.2d 668 (Fla.1995); Orange County Sch. Bd. v. Perkins, 619 So.2d 1, 3 (Fla. 1st DCA 1993) (“Upon close consideration, we now recede from Jerry Chapman, Inc. [v. Ivey, 448 So.2d 11 (Fla. 1st DCA 1984)]”); Zundell v. Dade County Sch. Bd., 609 So.2d 1367 (Fla. 1st DCA 1992) (invoking en banc procedure to examine rule for determining whether cardiovascular failure arises in course and scope of employment for workers’ compensation purposes), quashed by 636 So.2d 8 (Fla.1994); Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (invoking en banc procedure to determine whether trial court, before imposing habitual offender sentences, must first find underlying predicate offenses were not set aside in post- *636 conviction proceedings), quashed by 616 So.2d 52 (Fla.1993); Lee v. State, 606 So.2d 1222. (Fla. 1st DCA 1992) (invoking en banc procedure to consider whether first degree felonies punishable by life and life felonies are subject to enhancement); Terners of Miami Corp. v. Freshwater, 599 So.2d 674, 675 (Fla. 1st DCA 1992) (“To the extent that [Atlantic Foundation v.] Gurlacz [, 582 So.2d 10 (Fla. 1st DCA 1991),] may be read as standing for such a conclusion, we expressly recede from that decision.”); Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991) (exercising en banc jurisdiction to consider the role of expert witnesses in child sexual abuse cases), approved in part by 625 So.2d 827 (Fla.1993); Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (invoking en banc procedure to consider whether habitual felony offender statute was constitutional), approved in part, quashed in part by 594 So.2d 267 (Fla.1992); see also Bush v. Holmes, 886 So.2d 340 (Fla. 1st DCA 2004) (invoking en banc procedure to consider the constitutionality of state-administered school voucher program), aff'd in part by 919 So.2d 392 (Fla.2006); Vause v. Bay Med. Ctr., 687 So.2d 258, 261, 263 (Fla. 1st DCA 1996) (invoking en banc jurisdiction to consider propriety of grant of motion to dismiss “where the affirmative defense does not appear on the face of the prior pleading,” clarify immunity rule based upon whether fellow employees “were not engaged in unrelated works,” and explain exception to fellow employee immunity for acts of willful and wanton disregard or gross negligence); Slay v. Singletary, 676 So.2d 456, 457 (Fla. 1st DCA 1996) (“We now expressly align ourselves with the decision in Smith [v. State, 659 So.2d 1222 (Fla. 4th DCA 1995),] and to the extent prior cases ... are read to suggest that a sentencing court must do more in order to effect a full award of Green credit[, referring to State v. Green, 547 So.2d 925 (Fla.1989)], we recede from those opinions.”), approved by 688 So.2d 319 (Fla.1997); Jenkins v. State, Dep’t of Health & Rehab. Servs., 618 So.2d 749, 754 (Fla. 1st DCA 1993) (“In making this determination, we recede from Cook [v. Division of Personnel, Department of Administration, 356 So.2d 356 (Fla. 1st DCA 1978)], insofar as it conflicts with our decision in [Board of Regents v.] Heuer [, 332 So.2d 626 (Fla. 1st DCA 1976)], this case, and the rationale expressed in Tomlinson [v. State, Department of Health & Rehabilitative Services, 558 So.2d 62 (Fla. 2d DCA 1990)]”). See generally S. States Utils. v. Fla. Pub. Serv. Comm’n, 714 So.2d 1046, 1049 (Fla. 1st DCA 1998) (exercising en banc jurisdiction to overrule a previous case and recede from two previous decisions because “[e]xamining the question anew, we find no statutory basis for our earlier conclusion”); Scantling v. State, 704 So.2d 565, 565 (Fla. 1st DCA 1997) (“[W]e recede from this aspect of Currelly [v. State, 678 So.2d 453 (Fla. 1st DCA 1996)].”), approved by 711 So.2d 524 (Fla.1998); Sheley v. Fla. Parole Comm’n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997) (“However, we recede from our decisions to the extent that they hold that an inmate can obtain a second appeal in the district court when mandamus is used as an appellate remedy in the circuit court .... ”), approved by 720 So.2d 216 (Fla.1998); Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (exercising en banc jurisdiction to consider whether defendant who has been sentenced as habitual felony offender for two or more offenses arising out of single criminal episode may have sentences further enhanced by order that they run consecutively); J.B. v. State, 689 So.2d 360, 360 (Fla. 1st DCA 1997) (“To the extent that Farley [v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971),] may be read as suggesting that such preservation is not required, we would now *637 abandon this interpretation.”), approved, by 705 So.2d 1376 (Fla.1998); Ganyard v. State, 686 So.2d 1361 (Fla. 1st DCA 1996) (invoking en banc procedure to consider whether criminal defendant has the right to be present whenever peremptory challenges might be used), approved by 705 So.2d 567 (Fla.1998); N. River Ins. Co. v. Wuelling, 683 So.2d 1090, 1092 (Fla. 1st DCA 1996) (“[W]e recede from our decision in Waffle House v. Hutchinson, 673 So.2d 883 (Fla. 1st DCA 1996)....”); Singletary v. Jones, 681 So.2d 836, 837 (Fla. 1st DCA 1996) (“Because the department is questioning the ruling in Buffa [v. Singletary, 652 So.2d 885 (Fla. 1st DCA 1995)], and we conclude that we should recede from that decision, this case is being considered en banc by the court’s criminal division pursuant to Florida Rule of Appellate Procedure 9.331(b).”).
Turning to the en banc merits opinion, I would grant the motion in two respects. The first point questions the propriety of an opinion that applies the “tipsy coachman” rule under the present circumstances. In the instant case, the trial court ruled that the evidence at issue did not meet the statutory standard of relevance. See § 90.401, Fla. Stat. (2002). The majority affirmed, reasoning that, even though the trial court erred on its determination of relevance, the ruling should nevertheless be upheld because the evidence in question should have been excluded under section 90.403, Florida Statutes. If any one statute on the books in Florida, and particularly any statute in the Evidence Code, begs the exercise of sound discretion by a trial judge, it is section 90.403. Beyond question, the Florida Supreme Court has recognized this principle:
This statute compels the trial court to weigh the danger of unfair prejudice against the probative value. In applying the balancing test, the trial court necessarily exercises its discretion.
State v. McClain, 525 So.2d 420, 422 (Fla.1988); see Walker v. State, 707 So.2d 300, 309 (Fla.1997). Accordingly, trial courts are possessed of broad discretion in making determinations under section 90.403. See, e.g., Heath v. State, 648 So.2d 660, 664 (Fla.1994); McClain, 525 So.2d at 422. The question of bias, at issue in the present case, “is subject to balancing under the provisions of section 90.403, and a trial court’s determination of how far an inquiry into bias may proceed is within the trial court’s discretion.” Tobin v. Leland, 804 So.2d 390, 393 (Fla. 4th DCA 2001).
By its application of the “tipsy coachman” rule in the present case, the majority has essentially applied a trial court standard of discretion in a case where the trial court never exercised discretion itself. As a result, this court’s application of its own discretion under section 90.403 is not subject to review under any standard and, arguably, the whole purpose of the statute has been defeated because the trial court has never made the critical, initial consideration. One struggles to understand how this court can weigh in on an abuse of discretion question in the absence of a trial court’s exercise of discretion. Moreover, we should not ignore the fact that the State has never argued or briefed the point upon which the majority has now affirmed.
Also, I would acknowledge express and direct court conflict between our decision in this case and numerous other decisions on the question of whether a county may be a “victim” as that term is used in section 775.089, Florida Statutes. My separate opinion in this case sets out the other district court decisions directly conflicting with the position taken by our majority here. See Childers v. State, 936 So.2d 585, 604 n. 2 (Fla. 1st DCA 2006) (Kahn, C.J., concurring in part and dissenting in part). *638 As the supreme court may establish jurisdiction based upon this conflict, it need not limit its review to that single issue, but may review the entire case. See, e.g., State v. T.G., 800 So.2d 204, 210 n. 4 (Fla.2001) (“[O]nce the Court grants jurisdiction, it may, in its discretion, address other issues properly raised and argued before the Court.”); Jacobson v. State, 476 So.2d 1282, 1285 (Fla.1985) (“Having jurisdiction, we have jurisdiction over all issues. ..Savoie v. State, 422 So.2d 308, 310 (Fla.1982) (“[O]nce we accept jurisdiction over a cause in order to resolve a legal issue in conflict, we may, in our discretion, consider other issues properly raised and argued before this Court.”); see also Battle v. State, 911 So.2d 85, 90 (Fla.2005) (Quince, J., concurring in part and dissenting in part) (“[O]nce this Court accepts jurisdiction over a cause in order to resolve a legal issue in conflict, we have jurisdiction over all issues.”); Sanchez v. Wimpey, 409 So.2d 20, 23 (Fla.1982) (Sundberg, C.J., concurring in part and dissenting in part) (“[T]he very language of our jurisdictional authority implies that the entire decision of the district court is to be reviewed and not just particular issues within the decision.”).
We should grant the motion for certification in part. On the en banc issue, we should certify the following questions:
(1)DOES A HEARING EN BANC, UNDER RULE 9.331(c), FLORIDA RULES OF APPELLATE PROCEDURE, PURSUANT TO THE “EXCEPTIONAL IMPORTANCE” PROVISION OF RULE 9.331(a), VIOLATE
(A) THE DUE PROCESS CLAUSE OF THE FLORIDA OR FEDERAL CONSTITUTIONS, OR
(B) ARTICLE V, SECTION 4(a), OF THE FLORIDA CONSTITUTION PROVIDING, “THREE JUDGES SHALL CONSIDER EACH CASE AND THE CONCURRENCE OF TWO SHALL BE NECESSARY TO A DECISION”?
(2) DOES THE “EXCEPTIONAL IMPORTANCE” PROVISION OF RULE 9.331(a), FLORIDA RULES OF APPELLATE PROCEDURE, ESTABLISH A JURISDICTIONAL THRESHOLD?
(3) IF THE RULE DOES ESTABLISH A JURISDICTIONAL THRESHOLD, WHAT IS THAT THRESHOLD?
On the majority’s rationale for affirming, we should certify the following question:
MAY A DISTRICT COURT OF APPEAL UTILIZE THE “TIPSY COACHMAN” DOCTRINE BY APPLYING SECTION 90.403, FLORIDA STATUTES, IN A CASE WHERE THE TRIAL COURT HAS NEVER EXERCISED ITS DISCRETION CONCERNING THE ADMISSIBILITY OF THE PARTICULAR EVIDENCE IN QUESTION?
Finally, we should certify direct and express conflict on the restitution question.[1]

. Although not germane to the opinions on the present motion, other members of the court have stated that the original panel decision in this case was 2-1 for reversal. The proposed 2-1 decision was not the original panel opinion. The internal records of this court show that I initially released the panel opinion for circulation among the judges of *639 this court on January 11, 2005, and that the opinion was unanimous in favor of reversal of a conviction and affirmance of the trial court's ruling on restitution. One panel member authored a special concurring opinion. The opinion had a scheduled public release date of January 31, 2005. At the request of a member of this court, I withdrew the opinion from release on January 27, 2005. Between January and May, one of the members of the original panel changed his vote, thus resulting in the second panel opinion, this time a 2-1 opinion in favor of reversal.