MILLS, Judge.
Franklin Ambulance Service, Inc. (Service) appeals from a final order of the Department of Health and Rehabilitative Services (HRS) revoking the Service’s ambulance service license. We affirm.
HRS alleged the Service was guilty of numerous statutory and administrative rule violations. Following an administrative hearing, the hearing officer issued a Recommended Order recommending the Service’s license not be renewed, but without prejudice to the filing of a new license application after 90 days. The hearing officer concluded the service: 1) failed to maintain continuous telephone access by the public in violation of Florida Administrative Code Rule 10D-66.55(2)(c), and former Florida Administrative Code Rule 10D-66.32(l)(b); 2) failed to have a certified emergency medical technician attending the patient in violation of Florida Administrative Code Rule 10D-66.49(2)(d), and former Florida Administrative Code Rule 10D-66.32(4)(b); and 3) kept false records in violation of Florida Administrative Code Rule 10D-66.60(2), and the implicit requirement of former Florida Administrative Code Rule 10D-66.33(2). HRS issued a final order adopting the hearing officer’s findings of fact and conclusions of law.
The Service admits that on occasion it transported patients in an ambulance with a certified emergency medical technician (EMT) driving the ambulance and the regular ambulance driver, a non-EMT, in the back of the ambulance with the patient. Yet the Service contends the administrative rule that a certified EMT attend patients being transported in ambulances does not preclude the attending EMT from also driving the ambulance. The hearing officer found, and HRS agrees, that “failure to have a certified emergency medical technician ... free to attend the patient (rather than driving the vehicle) constitutes a violation....”
An administrative interpretation of an agency’s own rule is entitled to great weight. State, Dept. of Commerce, Division of Labor v. Matthews Corp., 358 So.2d 256 (Fla. 1st DCA 1978). In addition, HRS’ interpretation comports with the plain meaning of the rule. There is competent substantial evidence that the Service, on several occasions, failed to have a certified EMT attending the patient.
The findings that the Service failed to maintain continuous telephone access by the public and kept false records are also supported by competent substantial evidence.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.