474 So.2d 819 (1985)
Annie Elizabeth KEARSE, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BA-62.
District Court of Appeal of Florida, First District.
April 23, 1985.
On Rehearing August 20, 1985.
Rehearing Denied September 19, 1985.
Marilyn G. Rose and Mark H. Greenberg, and Amy E. Hirsch, Jacksonville, for appellant.
Theodore E. Mack, Asst. Gen. Counsel, Tallahassee, for appellee.
BARFIELD, Judge.
In this appeal Annie Elizabeth Kearse seeks review of the final order of the Division of Administrative Hearings upholding the validity of proposed Florida Administrative Code Rule 10C-7.65. Appellant attacks the rule as being invalid because of an inadequate economic impact statement; violative of the federal regulations regarding the cost effectiveness of Medicaid programs; violative of the federal regulations by leaving selection of participants to the unfettered discretion of the agency's employees; and violative of the federal regulations regarding access to necessary medical care.
We hold that the proposed rule is valid and the order of the Division of Administrative Hearings is affirmed. In so holding, we find it necessary to comment specifically on one aspect of the rule. The proposed rule provides that participants at Levels Three and Four of the program must obtain the prior approval of a case manager for reimbursement of non-emergency medical services. Proposed F.A.C. Rule 10C-7.65(8)(c) and (d). After the fact approval may be granted for emergency services. Id. "Emergency services" are defined in the rule as: "[T]hose services ... necessary to prevent death, serious impairment to the health of the recipient, or irreparable damage, or loss or serious impairment of a body function." Id. at (2)(1).
Appellant attacks the rule, contending that there are medically necessary services which do not qualify as emergency services and for which payment would be denied under the rule if a case manager were not *820 available to authorize the services before they were performed. The concern of the appellant appears well-taken under the language of the rule; however, deference is given to the agency interpretation which differs from that of the appellant and which we find to be controlling in this case and binding on the agency. State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981). That interpretation is that a provider of medically necessary services need only notify the case manager at a reasonable time following provision of such services when they were performed after hours, on the weekend, or such other time when the case manager was not available for "prior" approval.
AFFIRMED.
SMITH and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
BARFIELD, Judge.
Appellant has correctly pointed out to the court that in an effort to give deference to the agency's interpretation of its own rules, we allowed the agency to place a construction on a rule which is clearly contradictory to the unambiguous language of the rule. This we should not have done. See Gadsden State Bank v. Lewis, 348 So.2d 343, 345, n. 2 (Fla. 1st DCA 1977).
Proposed Florida Administrative Code Rule 10C-7.65 does not provide for reimbursement for nonemergency but medically necessary services without prior agency approval as required by 42 CFR § 431.55(c). Accordingly, we find invalid those portions of proposed FAC Rule 10C-7.65 which require prior authorization for reimbursement of medically necessary services.
Appellant's motion for rehearing is GRANTED, and the final order of the Division of Administrative Hearings upholding the validity of proposed Florida Administrative Code Rule 10C-7.65 is REVERSED in part and AFFIRMED in part.
SMITH and ZEHMER, JJ., concur.