505 So.2d 676 (1987)
Birdie WOODLEY, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DISTRICT 3, LAKE COUNTY AFDC, Appellee.
No. BN-234.
District Court of Appeal of Florida, First District.
April 21, 1987.
*677 Sonia Nieves Burton, Tavares, for appellant.
Linda K. Harris, Dist. III Legal Counsel, Gainesville, for appellee.
MILLS, Judge.
Woodley appeals from a final order of the Office of Public Assistance Appeal Hearings, Department of Health and Rehabilitative Services (Department), upholding the denial of her application for Aid to Families with Dependent Children (AFDC) benefits. We reverse.
Woodley applied for AFDC benefits on 5 December 1985. She had an initial interview with a Department eligibility specialist on 19 December 1985, at which time she was asked to provide by 30 December 1985, among other things, verification that she had applied for workers' compensation benefits. Woodley made repeated, but unsuccessful attempts to obtain this verification from her former employer. By letter to the employer dated 23 December 1985, the eligibility specialist also requested workers' compensation status verification. The employer did not respond.
On 31 December 1985, the Department issued a Notice of Abandonment, giving Woodley until 15 January 1986 to provide the requested information. On the same day, Woodley contacted the Department and informed the eligibility specialist that she had been unable to obtain verification. The eligibility specialist advised Woodley to try again. Also on 31 December 1985, the eligibility specialist telephoned the employer in an unsuccessful effort to obtain the information.
Woodley contacted the eligibility specialist on 2 January 1986 and 6 January 1986, stating that she was still trying to get verification. Both times, the eligibility specialist advised her to go back and try again. She also advised Woodley to contact the Department by the 15 January deadline and request an extension of time if she could not obtain the verification.
Woodley did not furnish the requested information or request an extension of time by 15 January. As a result, the Department denied her application on 22 January 1986, and Woodley requested an administrative hearing.
Woodley contended at the hearing that the eligibility specialist should have and, in fact, was required to submit a policy exception request to the Department's District Economic Services Program Office, seeking an exception from the Department's time standard for acting on AFDC applications. *678 The hearing officer implicitly rejected this contention, concluding that the Department properly denied the application because workers' compensation verification was necessary pursuant to Florida Administrative Code Rule 10C-1.102(9), and because Woodley failed to request an extension of time. The eligibility specialist who handled Woodley's application, and her departmental supervisor, testified that a policy exception request is only submitted if the applicant first requests an extension of time.
An agency's interpretation of its own rule is entitled to great weight. E.g., Franklin Ambulance Service v. Department of Health and Rehabilitative Services, 450 So.2d 580 (Fla. 1st DCA 1984). But judicial deference to agency interpretation is not absolute. When the agency's construction clearly contradicts the unambiguous language of the rule, the construction is clearly erroneous and cannot stand. Kearse v. Department of Health and Rehabilitative Services, 474 So.2d 819 (Fla. 1st DCA 1985).
Florida Administrative Code Rule 10C-1.102(4)(b) provides:
If documentation or verification is not provided within the time limits allowed, the assistance group must be determined ineligible for assistance. However, if the employed person reports to the eligibility specialist prior to the deadline date that he/she is unable to secure required documentation or verification, a policy exception request will be submitted to the District Economic Services Program Office for a decision.
The rule unequivocally requires the eligibility specialist to request a policy exception under the circumstances presented here. The Department's construction of the rule, that policy exception need only be requested after the applicant requests an extension of time, does not comport with the unambiguous language of the rule. We therefore reverse the denial of AFDC benefits and remand, pursuant to Section 120.68(12)(b), Florida Statutes (1985), for further agency action consistent with this opinion.
REVERSED and REMANDED.
ERVIN and WIGGINTON, JJ., concur.