537 So.2d 1083 (1989)
George H. DECARION and James E. Roberts, Appellants,
v.
Bob MARTINEZ, Governor of the State of Florida, Jim Smith, Secretary of State, Bob Butterworth, Attorney General, Gerald Lewis, State Comptroller, Bill Gunter, State Treasurer, Doyle E. Conner, Commissioner of Agriculture, Betty Castor, Commissioner of Education, As and Constituting the Board of Trustees of the Internal Improvement Trust Fund, of the State of Florida, a State Agency, Appellees.
No. 88-943.
District Court of Appeal of Florida, First District.
January 20, 1989.
James S. Mattson of Mattson & Tobin, Key Largo, Terry E. Lewis, Anne Longman, and Steve Lewis of Messer, Vickers, Caparello, French and Madsen, Tallahassee, for appellants.
Ross S. Burnaman, Asst. Gen. Counsel, Florida Dept. of Natural Resources, Tallahassee, for appellees.
SMITH, Chief Judge.
The appellants appeal a final order of the Board of Trustees of the Internal Improvement Trust Fund (Trustees) denying their application to use submerged state lands. We reverse and remand for further proceedings.
Appellants seek to build a residential development known as Curry Cove on Key Largo in Monroe County, Florida. As part of the development the appellants wish to build a dock containing nine boat slips. This dock will be attached to a loading platform and a forklift ramp for moving boats to and from an upland dry storage facility. The docking facility, as proposed, will cover several thousand square feet of submerged state sovereignty lands. Because state land will be affected, appellants are required to obtain approval from the Trustees.
Appellants filed an application for a consent of use pursuant to Rule 18-21.005(1)(a), Florida Administrative Code, which provides that a consent of use is required for docks, access channels, boat ramps, or other activities which would preempt no more than 1,000 square feet of sovereignty land area for one hundred linear feet of shoreline owned by the applicant. In its recommendation, the Department of Natural Resources (DNR) noted that the proposed docking facility "technically" qualified for a consent of use.[1] However, DNR recommended that a lease would be more appropriate, and suggested that the Trustees have the discretion to *1084 treat the application as one requesting a lease. The Trustees followed DNR's recommendations. In order to obtain a lease, Rule 18-21.0041(1)(b)9 mandates that there must not be any benthic communities where boat mooring areas or dock structures are to be located. Since the proposed Curry Cove project will encroach upon benthic communities, the Trustees denied the application by following the recommendations of DNR.
Neither in the proceedings below nor in this appeal has there been authority cited for the Trustee's disregard of the specific approval sought in appellants' application. The Trustees simply argue that the rules were never intended to limit the Trustee's broad discretion nor to provide "absolute certainty" to applicants.
We disagree. Section 253.03(7), Florida Statutes (1987), provides that the Trustees are to administer all state owned lands and "shall adopt rules and regulations necessary to carry out the purposes of this Act... ." To that end, the Trustees have adopted Chapter 18-21, Florida Administration Code, known as Sovereignty Submerged Lands Management. By its own terms, this chapter requires that rules contained therein be utilized in considering "all requests for activities on sovereignty lands." Rule 18-21.004, Florida Administrative Code. Rule 18-21.004(1)(j) provides that the purpose in adopting standards for the erection of docking facilities is "to provide a greater degree of certainty regarding the development potential of sovereignty, submerged lands." That purpose is not served when the Trustees are able to decide at will when they will apply one rule instead of another.
Furthermore, inasmuch as the Trustees constitute an agency as that term is defined in section 120.52(1)(b), Florida Statutes (1987), they are compelled to promulgate rules. See Brown v. Board of Trustees of the Internal Improvement Trust Fund, 369 So.2d 640 (Fla. 3d DCA 1979) (review of final judgment in an action to quiet title wherein the Board of Trustees was explicitly noted to be an "agency of the State of Florida Department of Natural Resources"), and Continental Construction Co. v. Board of Trustees of Internal Improvement Trust Fund, 464 So.2d 204 (Fla. 1st DCA 1985), pet. for rev. denied, 472 So.2d 1180 (Fla. 1985) (portions of assessment by Board of Trustees for unauthorized use of submerged sovereignty lands were invalid as violating state constitutional provision prohibiting administrative agencies from imposing penalties without legislative authority). Under section 120.68(12)(b), if an agency's action is inconsistent with its rules, an appellate court must remand the case to the agency. See Woodley v. Dept. of Health and Rehabilitative Services, 505 So.2d 676 (Fla. 1st DCA 1987).
In this case, the Trustee's treatment of the appellants' application as one requesting a lease is inconsistent with its rules. Specifically, Rule 18-21.005 provides in pertinent part:
(1) All activities on sovereignty lands shall require a lease, easement, consent of use, use agreement or other form of approval. The following shall be used to determine the form of approval required:

(a) Consent of Use  is required for

...
2. Docks ... which preempt no more than 1,000 square feet of sovereignty land area for each one hundred linear feet of shoreline... .
(b) Lease  is required for:

1. Docks ... which are larger than those which can be approved under consent of use ...
(emphasis added).
Nothing found in the language of this rule, or elsewhere, indicates that this rule is simply advisory rather than mandatory. We do not subscribe to the appellees' construction of this rule that a lease may be required by the Trustees in instances where a consent of use is clearly sufficient. The rule on its face provides that a lease and consent of use are mutually exclusive forms of approval. Until amended or abrogated, an agency must honor its rules. Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977).
*1085 We understand that the Trustees chose to treat appellants' application the way they did because of concern over the fragile environment of the Florida Keys. However, appellants are entitled to have their application considered as one for consent of use, and to have their entitlement to or denial of the same based upon the rules governing consent of use. Rule 18-21.0041(1)(a)2. provides that upon application for a lease, easement or consent to use submerged sovereignty lands in Monroe County for multi-slip docking facilities, the possible adverse impact upon benthic communities, among other things, must be considered. It therefore remains to be considered, on remand, whether the proof to be presented as to possible adverse environmental effects under this or other rules may compel the Trustees to approve, or to deny, the application.
Appellants have requested that we construe section 253.02(2), Florida Statutes (1987) which provides:
The board of trustees shall not sell, transfer, or otherwise dispose of any lands the title to which is vested in the board of trustees except by vote of at least five of the seven trustees.
Specifically, appellants request our opinion as to whether this statute applies to the approval of a consent of use and a lease. Since the Trustees here unanimously, albeit erroneously, treated the appellants' application, we find the Trustees' required voting margin is not presently ripe for review, and we decline to consider it.
Accordingly, pursuant to section 120.68(12)(b), Florida Statutes (1987), we remand the case with directions that the Trustees treat the application as requesting a consent of use and for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The appellants assert they own over 4,600 linear feet of shoreline. DNR measured the appellants' shoreline at 4,400 linear feet. The difference is of no consequence to this appeal, since using DNR's measurements, the facility would still qualify for a consent of use.