## THOMAS v McMILLAN, et al.

### Case No. 88-3-AP

Fourth Judicial Circuit, Duval County

June 20, 1989

### APPEARANCES OF COUNSEL

**Henry M. Coxe, III,** for appellant.

**Gail A. Stafford,** Assistant Counsel, for appellee.

### OPINION OF THE COURT

PETER D. WEBSTER, Circuit Judge.

Appellant, Catherine E. Thomas, invokes the Court's appellate jurisdiction to review a decision of the Civil Service Board of the City of Jacksonville. The Court has jurisdiction pursuant to Rule 9.030(c)(1)(C), Florida Rules of Appellate Procedure, and Chapter 67-1320, Section 19.08, Laws of Florida. The decision sought to be reviewed is one by which the Civil Service Board dismissed a complaint on procedural grounds, based upon its interpretation of one of its rules.

This matter already has a long and tortuous history. On August 1, 1985, appellant filed a complaint with the Civil Service Board, alleging that the Jacksonville Sheriff's Office had demoted her in violation of the employee performance evaluation system which the Sheriff's Office was required to follow. Hearings were held on the complaint by the Civil Service Board on September 19 and December 12, 1985. The Civil Service Board voted unanimously to reinstate appellant and to extend her probationary period three months. The Sheriff appealed to the Circuit Court, which reversed the Civil Service Board with instructions to reinstate appellant's demotion. Appellant sought certiorari review in the First District Court of Appeal. The District Court of Appeal quashed the Circuit Court's opinion, set aside the order of the Civil Service Board and remanded with directions that the Civil Service Board again consider appellant's complaint and then make findings of fact and conclusions of law supporting its ultimate decision.

The Civil Service Board scheduled a "preliminary hearing" for December 17, 1987. However, on December 9, 1987, appellee filed a motion to dismiss the complaint based upon City of Jacksonville Civil Service and Personnel Rule 10.02(4), which reads as follows:

An employee or prospective employee cannot file a complaint, grievance or appeal concerning a matter which has been filed for relief with a Court, the Equal Employment Opportunity Commission, or other governmental board or agency having the authority to grant the relief requested, as such filing constitutes a choice of requested remedies.

In its motion, appellee alleged that appellant had, on July 1, 1987, filed a complaint in the United States District Court which, among other forms of relief, sought the same relief as that being sought before the Civil Service Board. According to the motion, appellant had chosen an alternative remedy and, therefore, Rule 10.02(4) required that the Civil Service Board dismiss her complaint.

The hearing was held before the Civil Service Board on December 17, 1987, as scheduled. At the hearing, the motion to dismiss filed by appellee was considered. An Order was entered, in which the Civil Service Board found that, after having filed her complaint with the Civil Service Board, appellant filed a charge with the Equal Employment Opportunity Commission and a complaint in the United States District Court; found that such filings constituted "a choice of remedies, pursuant to Rule 10.02(4) of the City of Jacksonville Civil Service Personnel Rules and Regulations;" concluded that the motion to dismiss was "well taken;" and dismissed appellant's complaint. This appeal followed.

80

Appellant concedes for purposes of this appeal that she did file a complaint in the United States District Court on July 1, 1987, seeking, among other forms of relief, relief similar to that sought in her complaint before the Civil Service Board; and that the United States District Court has the power to afford her relief similar to that sought by her before the Civil Service Board. Her sole argument on appeal is that Rule 10.02(4) is unambiguous; that the Civil Service Board's construction of that Rule is contrary to the unambiguous language; and that, therefore, the construction is clearly erroneous and cannot stand. Appellee, on the other hand, argues that the Civil Service Board's interpretation of its own rules is entitled to deference; that the Civil Service Board's construction of Rule 10.02(4) is consistent with the intent of that Rule; and that, therefore, the Civil Service Board's Order should be affirmed.

It is certainly true, as appellee argues, that "[a]n agency's interpretation of its own rules is entitled to deference and the party challenging the agency's interpretation must establish that the interpretation is clearly erroneous." *Good Samaritan Hospital, Inc. v Department of Health and Rehabilitative Services,* 485 So.2d 871 (Fla. 4th DCA 1986). *See also Franklin Ambulance Service v Department of Health and Rehabilitative Services,* 450 So.2d 580 (Fla. 1st DCA 1984). It is equally true, however, as appellant argues, that "[w]hen the agency's construction clearly contradicts the unambiguous language of the rule, the construction is clearly erroneous and cannot stand." *Woodley v Department of Health and Rehabilitative Services,* 505 So.2d 676, 678 (Fla. 1st DCA 1987). *See also Boca Raton Artificial Kidney Center, Inc. v Department of Health and Rehabilitative Services,* 493 So.2d 1055 (Fla. 1st DCA 1986); *Kearse v Department of Health and Rehabilitative Services,* 474 So.2d 819 (Fla. 1st DCA 1985) (on rehearing granted).

Appellant contends that the language of the Rule is clear and unambiguous, and that it requires dismissal of a complaint only when the complaint is filed *after* the complainant has already sought similar relief "with a Court, the Equal Employment Opportunity Commission, or other governmental board of agency." Appellee contends that while the actual *language* of the Rule is perhaps not as clear as it might be, nevertheless, the *intent* is perfectly clear — a complainant may elect to proceed either before the Civil Service Board or elsewhere, but the Civil Service Board will not entertain a complaint if at any time, *before or after* the complaint is filed, the complainant elects to seek redress in some other forum.

The Court acknowledges that appellant's interpretation of the Rule is

a reasonable one. It might even be the interpretation which the Court would reach if it were called upon to construe the language used. However, that is not what the Court understands its role to be on this appeal. Rather, as the Court understands the law, it may overturn an agency's interpretation of its own rules only when that interpretation is clearly erroneous. Given the language of Rule 10.02(4), the Court does not believe that the interpretation of that Rule reached by the Civil Service Board is unreasonable; it is certainly not clearly erroneous.

Because the Court finds the interpretation made by the Civil Service Board of Rule 10.02(4) neither unreasonable nor clearly erroneous, the Order of the Civil Service Board appealed must be AFFIRMED

It is so ordered.

DONE, ORDERED and ADJUDGED at Jacksonville, Duval County, Florida, this 20th day of June, 1989.