SMITH, Judge.
Appellant, which operates an intermediate care facility for the mentally retarded, challenges a final order disallowing certain Medicaid reimbursements. We affirm, in part and reverse in part.
The Department of Health and Rehabilitative Services (HRS), the appellee, disallowed approximately $75,000 in items claimed in the 1985 Medicaid cost report filed by appellant for the purpose of reimbursement under the ICF/MR (Intermediate Care Facilities for the Mentally Retarded Services) program. Among the items disallowed was the fee paid to an orthopedic surgeon who treated a resident of appellant’s facility who suffered a broken leg. The appellant filed for a hearing following which the DO AH hearing officer found that appellant could not “reasonably arrange” for medical treatment, and that the orthopedic surgeon who treated the resident of appellant’s facility was “the only physician reasonably available to perform the services.” The hearing officer found further that while the physician used “was eligible for payment through the Physician Service’s Medicaid, he refused to accept payment except from [appellant].” Further still, the hearing officer found that appellant had an obligation to provide medical care to its injured resident, and so concluded as a matter of law that the fee paid to this non-Medicaid physician was reimbursable under the ICF/MR program.
Contrary to the hearing officer’s recommended order, HRS denied reimbursement for this item on the authority of Rule 10C-7.049(3)(b)3., Florida Administrative Code, which provided that services “reimbursable” under any other Medicaid program are not subject to reimbursement under the ICF/MR program. HRS ruled that since the orthopedic surgeon’s services could have been reimbursed under the Physician Services Program, reimbursement under *776 the ICF/MR program should not be approved.
We conclude that the recommendation made by the hearing officer was correct under the particular facts of this case. While theoretically only the services of a physician willing to accept payment under the Medicaid Physician Services program should have been obtained, it is uncontro-verted that appellant was compelled to provide necessary medical treatment for its injured resident, yet no physician could be found willing to accept payment through that program. Thus, we conclude, in agreement with the hearing officer, that HRS’ contention that the services' of the orthopedic surgeon were reimbursable “ignores the facts of this case.” We are well aware that an agency’s interpretation of its own rule is entitled to great deference. See, Reedy Creek Improvement District v. State of Florida, 486 So.2d 642 (Fla. 1st DCA 1986). But such deference need not be absolute. Woodley v. Dept. of HRS, 505 So.2d 676 (Fla. 1st DCA 1987).
The remaining items disallowed by HRS were approved by the hearing officer. We find no basis in the record or in the authority cited to disturb these findings. Accordingly, the final order is AFFIRMED in part and REVERSED in part.
NIMMONS and ZEHMER, JJ., concur.