652 So.2d 885 (1995)
Michael BUFFA, Appellant,
v.
Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Appellee.
No. 93-1152.
District Court of Appeal of Florida, First District.
March 14, 1995.
Rehearing Denied April 20, 1995.
Appellant pro se.
Robert A. Butterworth, Atty. Gen., Cecilia Bradley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Michael Buffa appeals the trial court's denial of his petition for writ of mandamus seeking restoration of 180 days of gain-time. The Florida Department of Corrections declared the gain-time forfeit, even before appellant was eligible to earn gain-time, to punish him for possession of marijuana while he was incarcerated at the Holmes Correctional Institution. We reverse.
*886 Under Florida Administrative Code Rule 33-22.012, the maximum penalty when an inmate is found in possession of illegal drugs is 60 days' disciplinary confinement and loss of 180 days' gain-time. But Florida Administrative Code Rule 33-22.008 provides:
(2) Disciplinary Alternatives. The Disciplinary Team may ...
(b)... .
11. Recommend loss of gain time which the team feels is justified up to the maximum penalty prescribed in Rule 33-22.012... . Whenever loss of gain time is recommended, a determination must be made that the inmate has accrued sufficient gain time in order for the forfeiture to be processed.
According to his verified petition (and attachments), Buffa had not accrued gain-time when disciplinary action was taken, because he was serving the initial three-year mandatory portion of his sentence, imposed under section 775.087(2), Florida Statutes (1991) for possession or use of a firearm.
This statutory provision makes appellant ineligible "for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence." § 775.087(2), Fla. Stat. (1991). As the affidavit attached to the response filed by the Department of Corrections below states:
Florida Statute 775.087(2) provides that a person sentenced to a minimum mandatory term shall not be eligible for parole or statutory gaintime under s. 944.275 prior to serving such minimum sentence.
It is therefore inaccurate to assert, as the Department has, that appellant had "a net credit of ... basic gaintime" at any time pertinent to the present controversy. Only after he has served his minimum mandatory sentence will appellant become eligible to earn or receive gain-time.
Unearned gain-time may only be forfeited under the conditions set out in Florida Administrative Code Rule 33-22.008(4)(a), which implements, refines, and places a definitive gloss on the Department's statutory authority to "declare forfeited" a "prisoner's right to earn gain-time during ... any part of the sentence ... under which he is imprisoned." § 944.28(2)(b), Fla. Stat. (1991). The rule provides:
(4) Forfeiture of Unearned Gain Time. Recommendations for loss of unearned gain time shall be the exception rather than the rule.
(a) Loss of unearned gain time shall be considered only when the inmate has been involved in a serious assault or general disturbance and the inmate has not accrued enough gain time to achieve the desired corrective result.
Buffa's possession of marijuana, however reprehensible, cannot be said to amount to "a serious assault or general disturbance." An agency must comply with its own rules. Kearse v. Department of Health and Rehabilitative Services, 474 So.2d 819 (Fla. 1st DCA 1985); Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977).
Accordingly, we reverse the denial of the petition for writ of mandamus and remand with directions that the circuit court order the Department of Corrections to restore the 180 days of gain-time it forfeited in violation of applicable rules.
REVERSED and REMANDED.
WEBSTER, MICKLE and BENTON, JJ., concur.