ALLEN, Judge.
Arbor Health Care Company (Arbor) appeals from a summary denial by the appellee Agency for Health Care Administration (the agency) of Arbor’s application for a certificate of need (CON) due to Arbor’s failure to disclose certain projects determined by the agency to be “capital projects” and therefore subject to disclosure pursuant to section 408.037(2)(a), Florida Statutes, and Florida Administrative Code Rule 59C-1.002(9). Concluding that Arbor’s application met the disclosure requirements of the statute and rule, we reverse.
Arbor and appellee Manor Care of Boyn-ton Beach, Inc. (Manor) submitted competing CON applications to construct a nursing home in Sarasota County. The agency initially approved Arbor’s application and denied Manor’s application. Manor petitioned for a section 120.57(1), Florida Statutes, administrative hearing to challenge the agency’s decision, and subsequently filed a motion for a summary recommended order, contending that Arbor had failed to comply with the minimum application content requirements of section 408.037(2)(a). Manor alleged that Arbor had failed to disclose three projects for which CON applications had been denied. Arbor was litigating the denial of the CON application on each of those projects. The *1021 agency agreed that Arbor’s omission of those projects violated the mandatory disclosure requirements of the statute.
The hearing officer recommended that Arbor’s application be denied for failure to comply with the disclosure requirements of the statute as interpreted in accordance with rule 59C-1.002(9). The agency subsequently issued a final order adopting the hearing officer’s findings and conclusions and summarily denying Arbor’s CON application.
Section 408.037(2)(a) requires that a CON application disclose all “capital projects” which are “applied for, pending, approved, or underway in any state at the time of application.” Rule 590-1.002(9), which was promulgated by the agency, defines “capital project” as
a project involving one or more expenditures which has received final approval via authorization to execute for which capitalization will be required under generally accepted accounting principles. For the purposes of this definition, final approval includes letters of intent to issue a certificate of need issued by the agency.*
The agency maintains that under this rule any project that has received internal approval by the applicant is a capital project and must be disclosed, including denied-but-in-litigation projects such as the three projects not listed by Arbor. We disagree. The second sentence of the rule explicates circumstances under which a project requiring issuance of a CON will be considered to have reached “final approval.” The indication therein that such final approval is reached when the agency issues its letter of intent to issue a CON unmistakably conveys the message that final approval is not reached where the agency has not acted on a CON application, and certainly not where, as here, the agency has denied the application. Therefore, Arbor’s denied-but-in-litigation projects were not “capital projects” subject to disclosure in its CON application.
The agency argues that its interpretation of the statutes and rules it is charged with administering is ordinarily accorded deference. Indeed, were it not for the agency’s own rule narrowly defining “capital project,” we would accept its interpretation of section 408.037(2)(a). However, the agency chose to interpret the statute via rule 590-1.002(9) so as to clearly exclude denied-but-in-litigation projects. An agency’s interpretation of its own rule is entitled to great weight, but judicial deference to agency interpretation does not extend to a construction which contradicts the unambiguous language of a rule. Woodley v. Department of Health & Rehabilitative Serv., 505 So.2d 676 (Fla. 1st DCA 1987).
The order is set aside and this case is remanded for further agency action.
DAVIS, J., and SMITH, Senior Judge, concur.

 The agency subsequently amended this rule to specifically capture the denied-but-in-litigation projects. Rule 59C-1.002(9) now provides that a capital project includes "[a] project involving a capital expenditure for which a notice of intent to deny a certificate of need is in litigation, or could still be litigated within any remaining part of the 21-day period provided by s. 408.039(5)(a), F.S."