PER CURIAM.
Life Care Centers of America, Inc. (Life Care) appeals from a denial by the appellee, Agency for Health Care Administration (the agency), of an application for a certificate of need (CON) on the ground that Life Care did not satisfy minimum statutory requirements. We reverse and remand for further proceedings.
Section 408.037(2), Florida Statutes (1993), provides that an application for a CON shall contain a statement of the financial resources needed by and available to the applicant to accomplish the proposed project. This statement shall include a complete listing of all capital projects, including new health facility development projects and health facility acquisitions applied for, pending, approved or underway in any state at the time of application, regardless of whether or not that state has a certificate-of-need program or a capital expenditure review program pursuant to section 1122 of the Social Security Act. This listing shall include the applicant’s actual or proposed financial commitment to those projects and an assessment of their impact on the applicant’s ability to provide the proposed project.
The application filing date for the application at issue was December 1, 1993. Rule 590-1.002(9), at the time the application was filed, defined “capital project” to mean:
a project involving one or more expenditures which has received final approval via authorization to execute for which capitalization will be required under generally accepted accounting principles. For the purpose of this definition, final approval includes letters of intent to issue a certificate of need issued by the agency.
Rule 59C-1.008(h) provided:
to comply with section 408.037(2)(a), F.S., requiring a listing of all capital projects as defined in rule 590-1.002(9), F.A.C., the applicant shall, consistent with the applicant’s capitalization policies, provide the total amount of capital projects approved via authorization to execute or underway at the time of the letter of intent deadline or state there are none. An itemized list or grouping of capital projects is not required; however, an applicant may choose to itemize or group its capital projects. The applicant shall also indicate the actual or proposed financial commitment to finance those projects, and include an assessment of the impact of those projects on the applicant’s ability to provide the proposed project.
Capital projects and expenditures were set forth on schedule 2 of Life Care’s application. Under Part B of Schedule 2, Projects or Expenditures Applied For, Pending Approval, or Planned, Life Care listed those CONs for which the agency had issued an intent to issue or which had been applied for in the *1331 same batching cycle as the application at issue. Life Care also set forth an “Allowance for projects denied & appealed” in the amount of $6,020,387. The accompanying note describing this figure stated:
8) An allowance for potential approval of a portion of the Life Care projects applied for in Florida for the batching cycles May 1992, November 1992, and May 1993 which were denied by the Agency and have been appealed by Life Care. These projects are for Orange County, Polk County (second project), Citrus County, Palm Beach County, and Flagler County. All of these projects were anticipated to be funded through a combination of Life Care equity and bank loans as outlined in the individual CON applications.
Also included on Part B of schedule 2 was the item “Other Capitalization” with an amount of 15 million dollars. The accompanying note describing this figure stated:
4) To be conservative, an allowance of $15,000,000 for currently unidentified capital projects which may occur over the next three years, including items such as facility renovations or additions, acquisitions, and exercising purchase options for leased facilities. These projects will be funded as they materialize, and it is anticipated that funding be will (sic) primarily through bank loans.
The agency denied Life Care’s application based on failure to include the total project costs attributable to five CON applications which were preliminarily denied by the agency, but pending due to administrative challenges filed by Life Care. The total project costs for these five applications equals $21,-799,918, not $6,020,387 as Life Care reported on the line item for “allowance for projects denied and appealed.” The agency also contended that the omissions made it unable to determine the financial feasibility of the proposed project.
At the final hearing, the parties stipulated that the Life Care application met all statutory and rule criteria except the capital project listing requirement of section 408.037(2)(a), and the financial feasibility determination required by section 408.035(l)(i), Florida Statutes (1993). Life Care introduced testimony that it was anticipated that appeals would be successful on approximately 25% of the total project costs of the denied-but-in-litigation applications and that this was the reason for an allowance of $6,020,387 rather than $21,-799,918. Life Care also introduced testimony explaining that the $15,000,000 set forth on schedule 2 as “other capitalization” is available to fund the five projects should Life Care experience a greater success rate than anticipated.
The hearing officer determined that the notes drafted by Life Care to explain schedule 2 make it clear that Life Care did not expect to use the additional $15,000,000 to cover denied but appealed projects. The hearing officer also determined that the notes support Life Care’s claim that the $15,-000,000 designated as “other capitalization” is available for additional projects approved after administrative proceedings. The hearing officer concluded that Life Care met its burden of establishing that it met minimum CON application content requirements and established that the project proposed was financially feasible and recommended that the application be granted.
In the final order, the agency concluded that the hearing officer improperly allowed amendment of the application at the final hearing by permitting Life Care at the final hearing to earmark the 15 million dollar allowance to cover the omitted project costs, contrary to the purpose of the allowance identified in the application. The application was denied.
Life Care argues on appeal that there was no improper amendment of the application and that the information supplied in Life Care’s schedule 2 complied with the statutory requirement that an applicant list all proposed capital projects and address the financial commitment to those projects. We agree. Life Care introduced, without objection, testimony explaining the $15,000,000 allowance. The record supports the hearing officer’s determination that Life Care does not have to apply these funds to any planned capital expenditures and there is no obstacle to use of the funds on preliminarily denied CON projects if Life Care is more successful in administrative proceedings than it antici *1332 pates. We also note that under the rules in effect at the time of the application at issue, Life Care was not required to include the denied-but-in-litigation projects as “capital projects.” Arbor Health Care Co. v. Florida Agency for Health Care Admin., 654 So.2d 1020 (Fla. 1st DCA, 1995).
The record supports the hearing officer’s determination that Life Care met minimum CON application content requirements. The final order is set aside and this case is remanded for further agency action.
BARFIELD and ALLEN, JJ., and SMITH, Senior Judge, concur.