681 So.2d 836 (1996)
Harry K. SINGLETARY, Secretary for Florida Department of Corrections, Appellant,
v.
Johnny Jay JONES, Appellee.
No. 96-894.
District Court of Appeal of Florida, First District.
October 16, 1996.
*837 Judy Bone of Department of Corrections, Tallahassee, for Appellant.
Johnny Jay Jones, Raiford, Pro Se.
EN BANC
ALLEN, Judge.
The Department of Corrections (the department) appeals an order by which it was compelled to restore a prison inmate's gain time, based on this court's decision in Buffa v. Singletary, 652 So.2d 885 (Fla.App. 1st DCA), dismissed, 658 So.2d 989 (Fla.1995). Because the department is questioning the ruling in Buffa, and we conclude that we should recede from that decision, this case is being considered en banc by the court's criminal division pursuant to Florida Rule of Appellate Procedure 9.331(b).
The prison inmate in this case received a sentence which included a three year minimum mandatory term under section 775.087(2), Florida Statutes (1985). During this three year period the inmate received a prison disciplinary report for possession of escape paraphernalia, and the department then forfeited gain time which had been awarded on the remainder of the sentence beyond the minimum mandatory term. The inmate sought mandamus in the circuit court, and despite the court's apparent agreement with the department's position that such a forfeiture is permitted under the governing statutes and rules, the court felt constrained by the decision in Buffa and therefore granted relief.
Like the present case, Buffa involved a forfeiture of gain time in connection with disciplinary action during a minimum mandatory term of imprisonment under section 775.087(2). Because the statute precluded basic gain time eligibility during such a minimum mandatory term, the Buffa court reasoned that the inmate had no basic gain time credit against which a forfeiture might apply. However, after further consideration and in light of the department's explication of the gain time methodology, it appears that Buffa was predicated on a misapprehension as to the gain time and forfeiture process. While Buffa referred to a forfeiture of unearned gain time, inmates receive a lump sum award of all basic gain time to which they may be entitled throughout the full term of their sentences upon entering the prison system. This gain time is earned when so credited, and is thereafter subject to earned gain time forfeiture under section 944.28(2)(a), Florida Statutes, and Florida Administrative Code Rule 33-11.011(1).
This lump sum approach is consistent with the department's obligation to award basic gain time on the sentence imposed in accordance with section 944.275(4)(a), Florida Statutes, and to establish the inmate's tentative release date pursuant to section 944.275(3)(a). This approach is also consistent with the department's prior rules, and is clearly specified in the current rules. See Fla. Admin. Code R. 33-11.0035(1); 33-11.0045. Although section 775.087(2) disqualified the inmate from accruing basic gain time for the minimum mandatory portion of the sentence, this does not preclude a lump sum award based on the remainder of the sentence. Contrary to the assumption in Buffa, when such an award has been properly made the inmate serving a minimum mandatory term has earned gain time for the remainder of the sentence, and such earned gain time is *838 subject to forfeiture in connection with disciplinary action. We therefore recede from the decision in Buffa; the appealed order is accordingly reversed and this case is remanded.
MINER, WEBSTER, MICKLE and LAWRENCE, JJ., concur.