687 So.2d 306 (1997)
VANTAGE HEALTHCARE CORPORATION, d/b/a Beverly Manor Rehabilitation and Specialty Care Center at Manatee County, Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION and Manatee Springs Nursing Center, Inc., Appellees.
No. 96-1437.
District Court of Appeal of Florida, First District.
January 27, 1997.
*307 Douglas L. Mannheimer and Jay Adams of Broad and Cassel, Tallahassee, for Appellant.
John F. Gilroy, Senior Attorney, Agency for Health Care Administration, and David C. Ashburn of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., Tallahassee, for Appellees.
DAVIS, Judge.
Vantage Healthcare Corporation (Vantage) appeals a final order of the Agency for Health Care Administration (AHCA) awarding a certificate of need (CON) to Manatee Springs Nursing Center, Inc. (Manatee), and denying the application of Vantage. The sole issue is whether AHCA erred in accepting a late filed letter of intent from Manatee. Concluding that the agency erred in departing from the clear and express requirements of its own rule, we reverse.
The facts in this case are simple and undisputed. In the second nursing home application cycle of 1994 AHCA determined there was a need for an additional 63 community nursing home beds in Manatee County, Florida. Vantage timely filed a letter of intent to apply for the CON for those beds on October 31, 1994. That triggered the grace period for competing applicants to file letters of intent under section 408.039(2)(b) and Florida Administrative Code Rule 59C-1.008(1)(g). Rule 59C-1.008(1)(g)2. states that applicants have an additional 16 days to file their letters of intent. Thus, Manatee had until November 16, 1994, to file its letters of intent with the Agency and with the appropriate local health care council. On November 15, 1994, Manatee delivered both letters to Airborne Express for overnight delivery. Manatee made no effort to confirm that the letters were delivered before the deadline. The letters were not delivered until November 17, 1994.
AHCA concedes that both letters of intent were untimely, but, nevertheless, ruled that it could accept the late-filed letters of intent under the doctrine of equitable tolling. AHCA determined that Manatee acted reasonably in relying upon an overnight carrier and that therefore an exception should be made to the rule. The facts of this case do not present an appropriate case for the application of the doctrine of equitable tolling.
In every case cited by Manatee in which the doctrine of equitable tolling has been applied, a party was attempting through judicial or quasi-judicial proceedings to assert or protect a claim or right. "The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period." Machules v. Department of Administration, 523 So.2d 1132 (Fla.1988)(emphasis added). Machules considered the denial of an appeal as untimely. Similarly, in Stewart v. Dep't of Corrections, 561 So.2d 15 (Fla. 4th DCA 1990) the court invoked the doctrine of equitable tolling and reversed dismissal of a notice of appeal which was filed one day late. Phillip v. University of Florida, 680 So.2d 508 (Fla. 1st DCA 1996) was an appeal from the denial of a 120.57 hearing on the grounds that the petition had been untimely filed. In Castillo v. Dep't of Administration, 593 So.2d 1116 (Fla. 2d DCA 1992), the court reversed and remanded the denial of a petition for an administrative hearing. Hamilton County Board of County Commissioners v. Dep't of Environmental Regulation, 587 So.2d 1378 (Fla. 1st DCA 1991) also applied the doctrine in the context of actual litigation, as did Dep't of Environmental Regulation v. Puckett Oil Co., Inc., 577 So.2d 988 (Fla. 1st DCA 1991). The certificate of need application process is not comparable to such judicial or quasi-judicial proceedings. We have found no authority extending the doctrine of equitable tolling to facts such as in the present case.
Nor do the "equities" in this situation mandate that this letter of intent be accepted, despite having been filed late. Manatee chose to wait until the eleventh hour, selected the carrier which was to deliver the letters, *308 and failed to follow up and confirm that the letters had been received. As this court stated in Environmental Resource Assocs. of Florida, Inc. v. Dep't of General Services, 624 So.2d 330, 331 (Fla. 1st DCA 1993), review denied mem., 634 So.2d 623 (Fla. 1994), "[t]here is nothing extraordinary in the failure to timely file in this case." The facts of this case are completely distinguishable from those earlier decisions in which the predecessor agency was estopped to reject a late filed letter of intent because of official misrepresentations made to the applicant. Cf. First Hospital Corp. v. Florida Dep't of Health and Rehabilitative Services, 6 F.A.L.R. 1287 (HRS 1983)(doctrine of equitable estoppel applied to preclude agency from rejecting untimely filed letter of intent because the applicant knew by 11 a.m. on the day of the deadline that it had inadvertently mailed an empty envelope to the local health council, had a jet available and could have delivered a letter of intent before the deadline expired, but relied upon the representation of the Executive Director of the local health council that a replacement letter of intent sent overnight by Federal Express would be accepted as timely). Moreover, in Mederi of Alachua County, Inc. v. Dep't of Health and Rehabilitative Services, 13 F.A.L.R. 3502 (HRS 1991), the predecessor agency concluded that equity did not require the acceptance of a late-filed application for a certificate of need. In that case the applicant mailed an application for CON to the agency in a timely manner, and also timely mailed a letter to a local health council, but addressed the letter to the wrong local health council. The executive director of the local health council which erroneously received the application expressly represented to the applicant that the application would be deemed timely filed if mailed from the wrong office to the correct one, though it would thus arrive at least a day late. Noting that this was the first batching cycle after the adoption of the rule stating expressly that the application must be received in the local health council and the agency by 5 p.m. on the day of the deadline, the agency held that it was not reasonable to rely upon those representations, and rejected the application as untimely. Indeed, even before the promulgation of that rule, in Beverly Enterprises Florida, Inc. v. Dep't of Health and Rehabilitative Services, 5 F.A.L.R. 1846-A (HRS 1983), the agency specifically rejected an argument that late delivery by an express mail carrier should excuse late filing of a letter of intent.
The agency's argument that it should be permitted to make a case by case determination regarding when to accept late filed letters of intent conflicts with the express language of its own rule. Rule 59C-1.008(g), Fla. Admin. Code contains an express provision that "[t]he application filing due date shall not be extended for any applicant filing a letter of intent under the requirements of this paragraph." The agency is obligated to follow its own rules. Buffa v. Singletary, 652 So.2d 885, 886 (Fla. 1st DCA), appeal dismissed mem., 658 So.2d 989 (Fla.1995), overruled on other grounds in Singletary v. Jones, 681 So.2d 836 (Fla. 1st DCA 1996); Marrero v. Dep't of Professional Regulation, 622 So.2d 1109, 1111 (Fla. 1st DCA 1993); Decarion v. Martinez, 537 So.2d 1083, 1084 (Fla. 1st DCA 1989); Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
BARFIELD, C.J., and KAHN, J., concur.