ON MOTION FOR CLARIFICATION

PER CURIAM.
We withdraw our opinion issued March 17, 2000, grant appellee’s motion for clarification, and substitute the following opinion.
Appellant, Michael Barron, appeals from an order dismissing his petition for writ of habeas corpus, on the ground that the issue he raised therein had been raised in an earlier petition. We reverse and remand, because the issues in the two petitions are different.
In Barron’s earlier petition for writ of mandamus, he claimed that 945 days of unearned gain time had been erroneously deducted from the three-year minimum-mandatory portion of his total gain-time award based upon disciplinary infractions. Barron contended that during the minimum-mandatory portion of his sentence, he did not yet have any gain time, and thus had accumulated none to forfeit. His contention failed, pursuant to Singletary v. Jones, 681 So.2d 836 (Fla. 1st DCA 1996) (en banc). In the instant petition for writ of habeas corpus, Barron claimed that basic gain time is the equivalent of unearned gain time, and that the Department of Corrections had deducted 2,046 days of “unearned basic gain time” from his total award for disciplinary infractions, without complying with the requirements of former Florida Administrative Code Rule 33-22.008(4)(a), which applied to forfeiture of unearned gain time.[1] The trial court erroneously concluded that Barron was again seeking restoration of gain time forfeited during the minimum-mandatory portion of *894 his sentence, and thereupon ruled that res judicata barred relitigation of the issue.
We reverse and remand to the trial court with directions to consider the merits of Barron’s petition for writ of habeas corpus.
ERVIN, BOOTH and BENTON, JJ., CONCUR.

. Our recitation of Barron’s argument should not imply acceptance of his terms. Upon entering prison, an inmate is given a total award of basic gain time based upon the length of the sentence imposed. This earned gain time is then subject to forfeiture for disciplinary infractions. Rule 33-22.008(4)(a) provided that when an inmate commits a serious offense and forfeits all gain time that was earned, either basic or incentive, the inmate could begin to losé unearned gain time, meaning gain time to which the inmate was entitled but which had not yet accrued.