LEWIS, J.
 

 Appellants, Jerry Ulm Dodge, Inc. d/b/a Jerry Ulm Dodge Chrysler Jeep (“Ulm”), and Ferman on 54, Inc. d/b/a Ferman Chrysler Dodge at Cypress Creek (“Fer-man”), seek review of a final order issued by the Department of Highway Safety and Motor Vehicles (“Department”), which concluded that the establishment by Chrysler Group LLC (“Chrysler Group”) of North Tampa Chrysler Jeep Dodge, Inc. (North Tampa), a successor motor vehicle dealer, was exempt under section 320.642(5)(a)l, Florida Statutes (2010), from the notice and protest requirements in sections 320.642(l)-(3), Florida Statutes (2010). Because we conclude that Chrysler Group’s establishment of North Tampa is not exempt from the notice and protest requirements, we reverse and remand for further proceedings.
 

 
 *22
 
 I. Background and Procedural History
 

 Chrysler Group, the successor in interest to Chrysler Motors, LLC (“Chrysler Motors”), manufactures and sells Chrysler, Dodge, and Jeep vehicles to authorized Chrysler, Dodge, and Jeep motor vehicle dealers. Ulm and Ferman are licensed “motor vehicle dealers” as defined in section 320.60(11), Florida Statutes (2010), in Tampa, Florida, who possess franchise and dealer agreements (“dealer agreements”) with Chrysler Group for the sale of Dodge, Chrysler, and Jeep motor vehicles. Before April 2008, Bob Wilson Dodge Chrysler Jeep, LLC (“Wilson”), operated a Dodge, Chrysler, and Jeep dealership in Tampa, Florida, under dealer agreements with Chrysler Motors. However, in April 2008, Wilson filed a Chapter 11 petition in the United States Bankruptcy Court in the Middle District of Florida (“Bankruptcy Court”). At about the same time, Wilson closed its doors for business and ceased selling and servicing Dodge, Chrysler, and Jeep vehicles.
 

 Upon the filing of Wilson’s bankruptcy petition, the automatic stay under section 362 of the Bankruptcy Code went into effect, thereby preventing Chrysler Motors from terminating Wilson’s Dodge, Chrysler, and Jeep dealer agreements.
 
 See
 
 11 U.S.C. § 362 (2010). On July 30, 2008, Chrysler Motors filed a motion with the'Bankruptcy Court seeking relief from the automatic stay in order to terminate Wilson’s dealer agreements. On January 8, 2009, Wilson’s motor vehicle dealer license issued by the Department expired. On January 30, 2009, the Bankruptcy Court entered an order dismissing Wilson’s bankruptcy proceeding effective February 20, 2009. On February 9, 2009, the Bankruptcy Court entered an order granting Chrysler Motors’ motion for relief from the automatic stay for the purpose of allowing Chrysler Motors to terminate Wilson’s dealer agreements. On March 10, 2009, Chrysler Group terminated Wilson’s dealer agreements.
 

 Subsequently, Chrysler Group established North Tampa as a replacement dealer for Wilson. The location of North Tampa is within two miles of Wilson’s former location. Chrysler Group received confirmation from an employee of the Department via email, based on information Chrysler Group provided the employee via email on February 5, 2010, that North Tampa would be exempt from the notice and protest requirements of section 320.642(5)(a)l, Florida Statutes (2010). On February 24, 2010, North Tampa applied for a motor vehicle dealer license from the Department to operate a Chrysler, Dodge, and Jeep dealership. The Department issued the dealer license to North Tampa.
 

 Ulm and Ferman filed a petition with the Department for determination that Chrysler Group had established an additional motor vehicle dealership in violation of section 320.642. The Department forwarded the petition to the Division of Administrative Hearings. After an evidentia-ry hearing, the administrative law judge (“ALJ”) entered a Recommended Order concluding that the establishment of North Tampa is exempt from the notice and protest requirements of section 320.642. The ALJ found that the doctrine of equitable tolling applied to the facts of this case to toll the start of the twelve-month exemption period under section 320.642(5)(a) until March 10, 2009, the date Chrysler Group terminated Wilson’s dealer agreements. The Department adopted the ALJ’s Recommended Order as its Final Order. This appeal follows.
 

 II. Analysis
 

 An appellate court reviewing an agency action may not “substitute its judgment for that of the agency as to the weight of the evidence on any disputed
 
 *23
 
 finding of fact” if the agency’s finding of fact is supported by competent, substantial evidence. § 120.68(7)(b), Florida Statutes (2010). However, “[although appellate courts generally uphold administrative agency decisions if they are supported by competent, substantial evidence, ‘the same standards of review do not apply to an erroneous application of the law to the facts.’ ”
 
 Seneca v. Fla. Unemp’t Appeals Comm’n,
 
 39 So.3d 385, 387 (Fla. 1st DCA 2010) (quoting
 
 City of Coral Gables v. Coral Gables Walter F. Stathers Mem’l Lodge 7, Fraternal Order of Police,
 
 976 So.2d 57, 63 (Fla. 3d DCA 2008)). In other words, an agency’s decision is given no deference when an agency commits an error of law.
 
 Id.
 
 As the material facts in this case are not in dispute, our review of the Department’s final order is
 
 de novo. See S. Baptist Hosp. of Fla., Inc. v. Welker,
 
 908 So.2d 317, 319 (Fla.2005) (“This question involves a pure question of law and thus is subject to
 
 de novo
 
 review.”) (italics added);
 
 Steward v. Dep’t of Children & Families,
 
 865 So.2d 528, 530 (Fla. 1st DCA 2004).
 

 Section 320.642 regulates a licensee’s ability to establish an additional dealership in a market. If the licensee desires to establish an additional dealership in a market, the licensee must give notice to the Department of its intent to establish an additional dealership. § 320.642(1). After receiving the licensee’s notice, the Department shall publish a notice of the proposed additional dealership in the
 
 Florida Administrative Weekly,
 
 whereupon dealers who have standing may file a petition protesting the proposal. § 320.642(1)-(3). However, the statute also provides exemptions from the statutory notice and protest requirements. § 320.642(5). Whether Chrysler Group is entitled to an exemption from the statutory notice and protest requirements is the issue in this appeal. Section 320.642(5)(a)l allows an exemption to the statutory notice and protest requirements if a successor motor vehicle dealer is opened or reopened within twelve months and is within the same or adjacent county and is within two miles of the former dealership’s location. The North Tampa location is less than two miles from the Wilson location. While the statute does not define when the twelve-month exemption period begins,
 
 Florida Administrative Code Rule
 
 15C-7.004(4)(a) clarifies that the twelve-month exemption period begins as follows:
 

 If the license of an existing franchised motor vehicle dealer is revoked for any reason, or surrendered, an application for a license to permit the reopening of the same dealer or a successor dealer within twelve months of the license revocation or surrender shall not be considered the establishment of an additional dealership if one of the conditions set forth in Section 320.642(5), Florida Statutes, is met by the proposed dealer.
 

 Fla. Admin. Code R. 15C-7.004(4)(a) (2010).
 

 Wilson surrendered its license on January 8, 2009. North Tampa submitted its license application to open at the successor location on February 24, 2010, more than twelve months after January 8, 2009. Thus, Chrysler Group did not timely appoint Noi'th Tampa as a successor dealer within the twelve-month exemption period under the Rule. We must, therefore, determine whether the Department erred as a matter of law in determining that the doctrine of equitable tolling applied to toll the beginning of the twelve-month exemption period under section 320.642(5)(a) until March 10, 2009.
 

 Under the doctrine of equitable tolling, a late-filed petition should be accepted “when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting
 
 *24
 
 his rights, or has timely asserted his rights mistakenly in the wrong forum,” provided that the opposing party will suffer no prejudice.
 
 Machules v. Dep’t of Admin.,
 
 523 So.2d 1132, 1134 (Fla.1988). In
 
 Machules v. Department of Administration,
 
 the Florida Supreme Court expressly held that this doctrine applies in administrative proceedings.
 
 Id.
 
 at 1136-37. In so holding, the court noted that the Florida Administrative Procedure Act was intended to ensure that “the public would receive due process and significantly improved fairness of treatment ... than was commonly afforded under the predecessor act.”
 
 Id.
 
 (quoting
 
 Machules v. Dep’t of Admin.,
 
 502 So.2d 437, 446 (Fla. 1st DCA 1986) (Zehmer, J., dissenting)). The Supreme Court further noted that “[ejquitable tolling is a type of equitable modification which ‘focuses on the plaintiffs excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.’ ”
 
 Id.
 
 at 1134 (quoting
 
 Cocke v. Merrill Lynch & Co.,
 
 817 F.2d 1559, 1561 (11th Cir.1987)). Ulm and Ferman argue that Chrysler Group did not allege that it was misled or lulled into inaction, or that it was in some extraordinary way prevented from asserting its rights.
 

 Ulm and Ferman also argue that our holding in
 
 Vantage Healthcare Corp. v. Agency for Health Care Administration,
 
 687 So.2d 306 (Fla. 1st DCA 1997), controls the facts of this case. In
 
 Vantage Healthcare,
 
 this Court addressed whether equitable tolling could apply in the application process context.
 
 Id.
 
 at 307. The Agency for Health Care Administration (“AHCA”) determined that there was a need for sixty-three more nursing home beds in Manatee County, Florida.
 
 Id.
 
 Vantage timely filed a letter of intent to apply for a certificate of need for those beds.
 
 Id.
 
 Manatee, a competing applicant, had until November 16, 1994, to file its letters of intent to be approved for those additional beds within the time granted under the applicable administrative rule.
 
 Id.
 
 On November 15, 1994, Manatee delivered both letters to an overnight delivery company.
 
 Id.
 
 Manatee did not confirm that the letters were delivered before the deadline, and the delivery company did not deliver the letters until November 17,1994.
 
 Id.
 
 AHCA accepted the late-filed letters of intent from Manatee, ruling that it could accept the late-filed letters of intent under the doctrine of equitable tolling.
 
 Id.
 
 We reversed, explaining that “[i]n every case cited by [the party asserting equitable tolling] in which the doctrine of equitable tolling has been applied, a party was attempting through judicial or quasi-judicial proceedings to assert or protect a claim or right.”
 
 Id.
 
 We concluded that “[t]he certificate of need application process is not comparable to such judicial or quasi-judicial proceedings.”
 
 Id.
 

 Ulm and Ferman argue, in the alternative, that even if the doctrine of equitable tolling applies to the facts of this case, the tolling period ended more than twelve months prior to the date North Tampa submitted its application to the Department to be a successor dealer. On the other hand, although Chrysler Group did not timely appoint a successor dealer within twelve months of the surrendering of Wilson’s license, as required by Rule 15C-7.004(4)(a) to be exempt from the statutory notice and protest requirements, Chrysler Group argues that the starting point for the twelve-month exemption period, after application of the doctrine of equitable tolling, should be March 10, 2009, the date that Chrysler Group terminated Wilson’s dealer agreements. It is Chrysler Group’s position that regardless of what happens in the bankruptcy proceeding, the starting date for the exemption period has to be equitably tolled until such time as a manu-
 
 *25
 
 faeturer can terminate the preceding dealer’s agreements. We agree with Ulm and Ferman.
 

 The sole basis for tolling the beginning of the exemption period to any date other than the date Wilson lost its license is Wilson’s bankruptcy proceeding. In our view, if equitable tolling applied to the facts of this case, Wilson’s bankruptcy could not operate to toll the beginning of the exemption period to any date later than February 9, 2009, the date the Bankruptcy Court granted Chrysler Motor’s motion to lift the stay so that it could terminate Wilson’s dealer agreements. As of this date, there was no impediment of the bankruptcy proceeding to Chrysler Group’s termination of Wilson’s dealer agreements, any basis for tolling the effective date of the license termination ceased to exist, and the twelve-month exemption period began to run as clearly stated in Rule 15C-7.004(4)(a). Additionally, the record is devoid of any other action or circumstance which occurred after this date that would continue to toll the beginning of the twelve-month exemption period. Assuming
 
 arguendo
 
 that the doctrine of equitable tolling applied to the facts of this case, it operated to toll the start of the twelve-month exemption period from January 8, 2009, the date Wilson surrendered its license to February 9, 2009, the effective date of the lifting of the bankruptcy stay. Thus, the tolling period would have ended more than twelve months prior to February 24, 2010, the date North Tampa submitted its application to the Department. Therefore, we need not reach the merits of whether the doctrine of equitable tolling applies to the facts of this case because even if equitable tolling applied, Chrysler Group did not timely apply for a dealer license on behalf of North Tampa within twelve months after the tolling period would have ended. As such, the establishment of North Tampa by Chrysler Group is not exempt from the statutory notice and protest requirements.
 

 Chrysler Group also argues that the twelve-month exemption period should not have begun until March 10, 2009, because it could not begin negotiating with replacement dealers until Wilson’s dealer agreements were terminated on March 10, 2009. However, if there had never been a bankruptcy and, on February 9, 2009, Wilson had voluntarily surrendered its license, then Rule 15C-7.004(4)(a) makes it clear that Chrysler Group would have until February 9, 2010, to appoint a replacement dealer in order to qualify for the exemption even if Chrysler Group had to go through the process of terminating Wilson’s dealer agreements. The language of the Rule is clear that the twelve-month exemption period runs from the date the previous dealer ceases to be licensed, and not from the date of the termination of the dealer agreements. The Rule provides no contingency to change the date if the license revocation precedes the dealer agreements termination. Therefore, even if the doctrine of equitable tolling applied to the facts of this case, it tolled the effective date of Wilson’s license termination to February 9, 2009.
 

 III. Conclusion
 

 Accordingly, the establishment of North Tampa by Chrysler Group is not exempt under section 320.642(5)(a)l from the notice and protest requirements in sections 320.642(l)-(3). We, therefore, reverse the final order and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 WOLF and RAY, JJ., concur.