PER CURIAM.
This appeal stems from the appellant, Charlotte Taylor, challenging decisions made by the appellee, Department of Children and Families, regarding her claims for Sun Cap benefits eligibility and food stamp benefit recovery. Because Taylor’s claims were improperly dismissed by the hearing officer, we reverse.
The Department and Taylor were scheduled to appear for two hearings before a hearing officer on May 27, 2009, to address her Sun Cap eligibility and food stamp benefit recovery claims. On May 14, 2009, Taylor filed a request for a continuance. The hearing officer entered a written order denying her request, reasoning that the statutory deadline to hold a hearing on her first claim had already expired, and an additional continuance would cause the hearing on the second claim to be beyond the time limit. The order advised that the hearings would be held as scheduled. Taylor did not appear at the hearings. Taylor’s claims were then “closed as abandoned” within the Department, though no final order was issued.
On July 16, 2010, Taylor requested a hearing on the same two claims previously scheduled to be heard on May 27th. Taylor was granted a hearing, scheduled for August 13, 2010. At the hearing, the Department made an oral motion for dismissal of Taylor’s claims, on the ground that the matters were previously abandoned. The hearing officer granted the Department’s motion on this basis. The hearing officer determined that Taylor’s remedy should have been “through judicial review” of that order and concluded that he was prohibited by administrative rules from granting a rehearing. The hearing officer also specifically declined to address the merits of Taylor’s claims.
While, generally, administrative action is upheld if supported by competent, substantial evidence, “an agency’s decision is given no deference when an agency commits an error of law.” Jerry Ulm Dodge, Inc. v. Chrysler Grp. LLC, 78 So.3d 20, 23 (Fla. 1st DCA 2011). Section 120.569(2)(l), Florida Statutes, provides that “the final order in a proceeding which affects substantial interests must be in writing and include findings of fact, if any, and conclusions of law.” Additionally, rules 65-2.066(3) and (7), Florida Administrative Code, state that all final orders “shall be in writing and include a caption, time and place of the Hearing, statement of issues, findings of fact and conclusions of law” as well as “notice of opportunity for judicial review.”
The record indicates that no final order complying with Florida Statutes and the Florida Administrative Code was issued. The order denying Taylor’s request for a continuance was not a final order as it did not contain the necessary findings or notice, and contemplated further judicial labor. See § 120.569(2)(l), Fla. Stat.; Hill v. Div. of Ret., 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) (“ ‘The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of *568 by the order (quoting Prime Orlando Props., Inc. v. Dep’t of Bus. Regulation, Div. of Land Sales, Condos. & Mobile Homes, 502 So.2d 456, 459 (Fla. 1st DCA 1986)). Failure to issue a final, appealable order denied Taylor her right to appeal. See Art. I, § 21, Fla. Const. (“The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.”). Thus, dismissal of her claims was inappropriate and the final order is reversed.

Reversed and remanded.

POLEN, STEVENSON and TAYLOR, JJ., concur.